(110 So. 312)
**BIRMINGHAM BELT R. CO. v. HENDRIX.**
**(6 Div. 600.)**

(Supreme Court of Alabama. Oct. 28, 1926. Rehearing Denied Nov. 26, 1926.)

1. **Master and servant ⬅258(18)—Count for negligent death of switchman held not defective in failing to allege engineer's knowledge of likelihood of collision between trains at crossing (Code 1923, § 9953).**

Count, in action for death of foreman of switching crew, in collision between trains at crossing of two railroads, *held* not defective in failing to allege that engineer at fault knew of likelihood of collision, since engineer had duty to know of approach of the other train, independent of Code 1923, § 9953.

2. **Master and servant ⬅258(18)—Count for switchman's death in crossing collision held not defective in failing to allege engineer knew deceased was in position of peril.**

Count, in action against railroad for death of foreman of switching crew, in collision between trains at crossing of two railroads, *held* not defective in failing to allege that engineer knew that deceased was in position of peril or that he knew his precise position, since he must be charged with knowledge that any place on moving freight train is place of danger, in case of collision with another train.

3. **Master and servant ⬅258(1)—Count alleging that engineer negligently caused crossing collision, resulting in death of switchman, held sufficient.**

Count, in action against railroad for death of foreman of switching crew, in collision between trains at crossing of two railroads, which alleged situation out of which accident arose, and showed duty of engineer and that he negligently caused collision, *held* not insufficient as alleging facts not, necessarily, implying negligence.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error** &#10149;1064(4)—**That instruction was unintelligible held not reversible error.**

Judgment will not be reversed because instruction was unintelligible.

**5. Appeal and error** &#10149;1068(4)—**Instruction on measure of damages held not prejudicial, where damages were not alleged to be excessive.**

Judgment will not be reversed because of instruction relative only to measure of damages, where there was no specific complaint that damages were excessive.

**6. Death** &#10149;95(3)—**Damages for death, under federal Employers' Liability Act, is present value of compensation for deprivation of prospective benefits (U. S. Comp. St. §§ 8657–8665).**

In action for death of foreman of switching crew, damages, under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), should equal compensation for deprivation of reasonable expectation of pecuniary profits, that would result from continued life, discounted so as to make verdict equivalent to present value.

**7. Death** &#10149;104(6)—**Instruction on measure of damages, under federal Employers' Liability Act, for death, held not prejudicial as unintelligible (U. S. Comp. St. §§ 8657–8665).**

In action for death of foreman of switching crew, under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), instruction as to damages, that, in arriving at reasonable cash value of present worth of money, jury should discount it at reasonable discount "such sum as you are to consider reasonably safe in arriving at the earning power of money," held not prejudicial as against contention that it was unintelligible.

**8. Death** &#10149;104(4)—**Refusal of instruction denying recovery, under federal Employers' Liability Act, for conscious suffering of deceased held proper, where complaint alleged suffering (U. S. Comp. St. §§ 8657–8665).**

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), in which complaint alleged mental pain and physical suffering of deceased, refusal of instruction denying recovery for conscious mental pain and physical suffering held not error, since consciousness is essential part of suffering.

**9. Death** &#10149;82—**Consciousness is element of suffering, in determining damages for death.**

Consciousness is element of physical or mental suffering necessary to be proved, when damages for death are sought on that ground.

**10. Death** &#10149;82—**Damages may be recovered under federal Employers' Liability Act for conscious suffering between injury and death (federal Employers' Liability Act, as amended by Act Cong. April 5, 1910 [36 Stat. 291]).**

Under federal Employers' Liability Act, as amended by Act Cong. April 5, 1910 (36 Stat. 291), personal representative of fatally injured employee may recover for pain and suffering endured by deceased between injury and death, but not for pain and suffering contemporaneous

with death, or incident to it, or during periods of insensibility.

**11. Master and servant** &#10149;286(34)—**Engineer's negligence in causing collision between trains at crossing held for jury.**

Evidence *held* not to show, as matter of law, that engineer was not negligent in causing collision between trains at crossing of railroads.

**12. Master and servant** &#10149;286(34)—**Whether 12 miles per hour was rapid speed for train approaching crossing held for jury.**

It cannot be said, as matter of law, that 12 miles per hour is not rapid rate of speed for train approaching crossing of railroads, where it collided with another train.

**13. Trial** &#10149;143—**Issue held for jury on conflicting evidence.**

Issue *held* properly submitted to jury on conflicting evidence, notwithstanding that evidence on one side carried stronger appeal.

**14. Negligence** &#10149;101—**Contributory negligence held not complete defense, under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).**

Under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), contributory negligence is not complete defense, though it may be weighed in mitigation of damages.

**15. Master and servant** &#10149;203(2)—**Foreman of switching crew, riding on lead car, held not to assume risk of injury in collision with another train at crossing (Code 1923, § 9953).**

Foreman of switching crew, riding on top of lead car of train, *held* not to assume risk of injury in collision with another train at crossing, since Code 1923, § 9953, placing duty on engineers and conductors to ascertain if way is clear did not apply to him.

**16. Master and servant** &#10149;286(34)—**Railroad's negligence as to foreman of switching crew injured in collision at crossing held for jury (federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665]).**

In action, under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), against railroad, for death of foreman of switching crew in collision between trains at crossing of railroads, evidence *held* to warrant refusal of general affirmative charge requested by defendant.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by Jessie May Hendrix, as administratrix of the estate of George Hendrix, deceased, against the Birmingham Belt Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

Count 1 of the complaint is defective, in failing to allege that the engineer of defendant's train knew that the approach of the other train would continue without stopping at a safe point, and thus to refute said

engineer's right to assume the crew of the approaching train would observe the statute (Code 1923, § 9953). Daniels v. Carney, 148 Ala. 81, 42 So. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; Johnson v. B. R., L. & P. Co., 149 Ala. 529, 43 So. 33; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262; Schmidt v. Mobile L. & R. Co., 204 Ala. 694, 87 So. 181; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665. This count is subject to the further objection that it fails to allege that the engineer knew that intestate was in a position of peril in case of a collision. Western Union Tel Co. v. Howington, 198 Ala. 311, 73 So. 550; L. & N. v. Bouldin, 110 Ala. 185, 20 So. 325; Southern R. Co. v. Carter, 164 Ala. 103, 51 So. 147. Count 3 is subject to the same objections as count 1, and is further defective for failure to show that Flynn occupied any position under his employment or relation to intestate that implied a duty upon him to avert the collision. Central of Ga. v. Lamb, 124 Ala. 172, 26 So. 969; United States C. I. P. Co. v. Driver, 162 Ala. 580, 50 So. 118. The oral charge of the court erroneously stated the measure of damage. Chesapeake & O. R. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367. Neither count of the complaint alleged that the suffering of intestate was conscious, and defendant's requested charge 4 should have been given. Garrett v. L. & N. R. Co., 235 U. S. 308, 35 S. Ct. 32, 59 L. Ed. 242; St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; N. O. & N. E. R. Co. v. Harris, 247 U. S. 367, 38 S. Ct. 535, 62 L. Ed. 1167. The proof failed as to material averments of the complaint, and defendant was entitled to the affirmative charge. Birmingham Min. R. Co. v. Jacobs, 101 Ala. 149, 13 So. 408. Intestate was, in contemplation of Code, § 9953, the conductor; he was guilty of contributory negligence, and he assumed the risk of injury. Southern R. Co. v. Bryan, 125 Ala. 297, 28 So. 445; Frese v. C., B. & Q. R. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131; Schlemmer v. Buffalo, etc., R. Co., 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; 39 C. J. 268, 684, 806; Chicago, etc., R. Co. v. Ward, 252 U. S. 18, 40 S. Ct. 275, 64 L. Ed. 430; Northern Pacific R. Co. v. Hambly, 154 U. S. 349, 14 S. Ct. 983, 38 L. Ed. 1009; B. & O. R. Co. v. Baugh, 149 U. S. 368, 13 S. Ct. 914, 37 L. Ed. 772; Chicago, etc., Co. v. Ross, 112 U. S. 377, 5 S. Ct. 184, 28 L. Ed. 787; Boldt v. Pennsylvania R. Co., 245 U. S. 441, 38 S. Ct. 139, 62 L. Ed. 385; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; King v. Woodward Iron Co., 177 Ala. 487, 59 So. 264.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellee.

Negligence may be averred in general terms, or as a conclusion, when facts are alleged which disclose a duty owing to the person injured. Mauney v. Electric Const. Co., 210 Ala. 554, 98 So. 874; Tenn., A. & G. R. Co. v. Rossell, 18 Ala. App. 17, 88 So. 362; B. R., L. & P. Co. v. McCurdy, 172 Ala. 488, 55 So. 616; B. R., L. & P. Co. v. Wilcox, 181 Ala. 512, 61 So. 908; Demopolis Tel. Co. v. Hood, 212 Ala. 216, 102 So. 35; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262. The overruling of a demurrer is not reversible error, where the omission of a necessary allegation is supplied by the charge of the court. Best Park v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929. Where there is a tendency or inference of evidence before the jury to support plaintiff's right to recover, the affirmative charge for defendant must be refused. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. An employé of an interstate carrier does not assume risks from the negligence of fellow employés. Southern R. Co. v. Fisher, 199 Ala. 377, 74 So. 580; L. & N. R. Co. v. Porter, 205 Ala. 131, 87 So. 288; Northern Alabama R. Co. v. Harper, 201 Ala. 679, 79 So. 251; Louisville & N. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125. An employé must have knowledge of a dangerous condition before he can assume the risk thereof, and the question of knowledge is one for the jury. Southern R. Co. v. Chestnutt, 210 Ala. 282, 97 So. 905; L. & N. R. Co. v. Porter, supra.

SAYRE, J. This case went to trial on amended counts 1 and 2 of the complaint. Demurrers to these counts, raising substantially the same questions in respect to each, were overruled, and these rulings of the court are assigned for error.

[1] Count 1. This count, after showing that the death of plaintiff's intestate occurred in a collision between trains of defendant and the Southern Railway Company, at a crossing of the two roads, alleged:

"That the said defendants [at that time, the St. Louis & San Francisco Railroad Company was a party defendant, but was afterwards eliminated by amendment], by and through the negligence of their servant, agent, or employee in charge and control of said engine on said Birmingham Belt Railroad; namely, one Jim Byrd, who was then and there acting within the line and scope of his authority or employment as such servant, agent, or employee, negligently caused or allowed the said train containing the said car upon which plaintiff's intestate was riding, as aforesaid [as a switchman then and there in the service of defendant as the count elsewhere alleges], to undertake or attempt to go over or on or across said Thirty-Second street crossing, while said train on said Southern Railway Company's railroad was rapidly approaching for the purpose of going over and across said Thirty-Second street crossing, as defendant's said servant or agent in charge and

control of said engine knew or by the exercise of due care should have known."

Two objections are taken against the count:

(1) That the count fails to allege that Byrd, the engineer, knew or was apprised of the likelihood of a collision between the two trains. There is no allegation that defendant's engineer violated or failed to observe the requirement of section 9953 of the Code (1923), which places upon engineers and conductors in charge of trains, in situations such as the count disclosed, the duty to come to a full stop within 100 feet of the crossing, and not to proceed until they know the way to be clear. As for any specific allegation of the count, there may have been strict compliance with this section of the Code. The question presented by the demurrer is whether the engineer was under duty to know the approach of the train on the Southern Railway. We feel no hesitation in saying that, in the situation alleged, and without respect to the requirement of the statute, defendant's engineer should have informed himself as to that. Common reason would have suggested that. Nor can the count be construed as having reference to a train on the Southern road approaching the crossing, but at such a great distance as to carry no suggestion of danger. In view of the allegation as to what did happen, the inference is not only reasonable, but necessary, that the approaching train was so near at hand as to portend disaster.

[2] (2) It is said that the count fails to allege that the engineer, Byrd, knew that plaintiff's intestate was in a position of peril, in case of a collision. This objection may be answered by referring in a general way to those considerations stated above. Plaintiff's intestate, as the count shows, was a switchman on the train propelled by the engine under the control of Byrd, to whom the count attributes negligence. This, it may be assumed, the engineer knew. We think it must also be assumed, as the result of common knowledge, that the engineer knew, or must be charged with knowledge, that any place on a moving freight train is a place of danger, in case of a collision with another train. A dutiful engineer must keep such contingencies in mind as affecting the crew of which he is a part, and it was not necessary, in the statement of the cause of action disclosed by the count, to allege that defendant's engineer knew the precise position of intestate or should have anticipated the precise details of the accident which brought about his death. The cases cited by defendant in this connection, viz., Western Union v. Howington, 198 Ala. 311, 73 So. 550, Southern Rwy. v. Carter, 164 Ala. 103, 51 So. 147, and L. & N. v. Bouldin, 110 Ala. 185, 20 So. 325, may be easily discriminated by reference to the facts alleged or proved in those cases.

[3] The more general argument against the count is that it alleges facts which do not necessarily imply negligence, and, having alleged facts not necessarily implying negligence, the count should be held insufficient. As we read the count, it alleges the situation out of which the accident causing the death of plaintiff's intestate arose, shows the duty of the engineer in the premises, and then alleges, in effect, that he negligently caused or allowed the collision which brought about the death of intestate. This was a substantial compliance with the rule of our cases and cannot be condemned as failing to furnish to defendant sufficient information as to the cause of action relied upon, or to provide the material for a plea of res adjudicata in the event such a plea became necessary. Thus the count fills the office of good pleading, reasonably adjudged, and was properly upheld against the demurrer. Demopolis Telephone Co. v. Hood, 212 Ala. 216, 102 So. 35, B. R. L. & P. Co. v. Wilcox, 181 Ala. 512, 61 So. 908, and B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, and the cases cited abundantly sustain this ruling.

Count 3. Much the same considerations suffice to answer the objections taken against the third count of the complaint. This count shows defendant's duty to conserve the safety of plaintiff's intestate and that one Flinn, a servant, agent, or employee of defendant, then and there acting within the line and scope of his employment, negligently caused or allowed the collision which resulted in the death of plaintiff's intestate. This, under our adjudications, was sufficient. There is no need to cite additional authority. When regard is had to the peculiar facts of the cases cited by defendant in this connection, it will be found that they hold nothing to the contrary of what has here been said. They are, indeed, in full accord with our present opinion.

[4-7] There is no dispute that the case was properly tried as one governed by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). The court, instructing the jury as to their duty in the matter of assessing damages, in the event plaintiff was entitled to recover, said, among other things:

"In arriving at what is the reasonable cash value of the present worth of money, you are to discount it at—ascertain the present worth— at a reasonable discount, *such sum as you are to consider reasonably safe in arriving at the earning power of money.*"

To so much of this instruction as we have underscored, defendant reserved an exception in due form. One complaint of this instruction is that it is unintelligible. If that were true, the judgment could not well be reversed on that account, for that would involve the novel, if not inconsistent, idea that an unintelligible instruction probably led the jury, in a case of this character, into error against the plaintiff. Nor should there be a reversal on this account since defendant has

not complained specifically that the damages assessed were excessive, though it did and does insist that the court erred in refusing to instruct the jury that there could be no assessment of damages for mental pain or conscious physical suffering on the part of deceased between the times of his injury and death, for that part of the charge related only to the measure of damages and not to the right of recovery. Moreover, in special charge 13, given at the request of defendant, the court correctly stated the law of the subject. The Supreme Court of the United States, speaking to this subject, has held that damages in such cases should be equivalent to compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased employee and that, where a verdict is based upon the deprivation of future benefits, the ascertained amount of such benefits should, ordinarily, be discounted so as to make the verdict equivalent to their present value, this, of course, upon the theory, as the court said, that money in hand is worth more than the like sum payable in the future, that the plaintiff who recovers in such case must be expected to do what a reasonable man would do in the circumstances to limit the amount of the damage, i. e., put out his recovery to interest in prudent investments. Chesapeake & Ohio v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367. This, in substance, is what the court said to the jury and in its method of expression, if that be considered to lack somewhat of lucidity, we find no reversible error.

[8-10] The court refused defendant's requested charge 4, which was in this language:

"The court charges the jury that you are not authorized to assess any damages in favor of plaintiff, for or on account of conscious mental pain or physical suffering, suffered or sustained by the decedent, George Hendrix, between the time of his injury and the time of his death."

The federal decisions establish the proposition that consciousness is an element of physical or mental suffering necessary to be proved, when damages are sought on that ground. The authoritative rule is that, under the Employers' Liability Act, as amended in 1910 (36 Stat. 291), the personal representative of a fatally injured employee may recover the beneficiary's pecuniary loss, and also for pain and suffering endured by deceased between the moments of injury and final dissolution, but, for what aid it may lend to trial courts and juries, we quote further from the Supreme Court of the United States:

"But, to avoid any misapprehension, it is well to observe that * * * such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes inter-

215 ALA.—19

vene between fatal injuries and death, afford no basis for a separate estimation or award of damages, under statutes like that which is controlling here." Great Northern Railway v. Capital Trust Co., 242 U. S. 144, 37 S. Ct. 41, 61 L. Ed. 208, L. R. A. 1917E, 1050.

The real complaint against this ruling of the court seems to be that it permitted proof of conscious mental and physical suffering on the part of deceased, in the absence of specific allegations of such suffering, that is to say, the complaint alleged mental pain and physical suffering, but did not allege that plaintiff's intestate was conscious of such suffering or suffered consciously. We cannot approve this suggestion of error, because we conceive that consciousness is an essential part of suffering. There can be no suffering unless the sufferer is conscious of it. In N. O. & N. E. R. R. v. Harris, 247 U. S. 367, 38 S. Ct. 535, 62 L. Ed. 1167, to which defendant, appellant, refers, the statement is:

"He [plaintiff's intestate] died within a few minutes [after being run over by a locomotive] without regaining consciousness."

[11] It is stated in the brief for appellant that there was nothing in the evidence to support the peculiar allegations of count 1 as to the negligence of the engineer, Byrd. It may be conceded that proof of a failure to observe the requirements of section 9953 of the Code of Alabama did not suffice conclusively to fasten upon defendant's engineer the charge of negligence. Still, we think that what has been heretofore said in discussing the demurrer to this count sufficiently discloses the lack of substance in this assignment of error, when read in connection with the evidence, which showed, without dispute, that the death of plaintiff's intestate was caused by a collision between two trains at the grade crossing of two railroads, defendant's engineer being at the time in charge of the engine of defendant's train. From Byrd's testimony it was open to the jury to find that, notwithstanding he may have had the right to rely upon signals to be transmitted to him by a switchman on top of the train or by Flinn, the field man, whose duty it was to go ahead of the train and give signals for the movement of the engine—notwithstanding all this, it was, on the evidence, open to the jury to find that the engineer was, in fact, aware of the near and dangerous approach of the train on the crossing road, the Southern, and yet failed to stop his train, negligently, in view of the circumstances. Further, it was open to the jury to find that defendant's engineer got a peremptory signal to stop before the car on which plaintiff's intestate was riding—the lead car of the train which was being pushed or shoved by the engine at the other end of the train—got into a position of danger, and yet failed diligently to act for the stopping of his train, as he might have

done, in time to prevent the collision. Such were tendencies of the evidence, and it is not for the court on this appeal to deny that the jury may have kept within the bounds of reason in acting upon these alternatives, if, in fact, they so did.

[12] Again, as to this count, it is said that the allegation of the count to the effect that the, train on the Southern railway was approaching the crossing rapidly was not sustained by the evidence and that plaintiff, having made this allegation, was bound to prove it. There was some testimony from which the jury could infer that the train on the Southern railway was moving at the rate of 12 miles an hour when seen by defendant's engineer very near the crossing. It cannot be said, as matter of law, that, in the circumstances, 12 miles an hour was not a rapid rate of speed.

[13] Count 3 attributes the death of plaintiff's intestate to the negligence of one Flinn. Flinn was the "fieldman" of the crew, in charge of defendant's train. It was his duty to go ahead of the train to see whether a train on the Southern railway might be approaching . the crossing, meaning, of course, approaching in dangerous proximity thereto. There was evidence to the effect that he did not do so. True, the evidence to the contrary, i. e., that he did discharge his duty in this regard carries a much stronger appeal to belief, but that was for the jury, and the court committed no reversible error in submitting this count to the triers of fact.

[14] Under the federal Employers' Liability Act, the contributory negligence of plaintiff's intestate, if found by the jury—as it may have been under the evidence—was no complete defense to plaintiff's action, though it might well have been weighed in mitigation of damages.

[15] Defendant's present contention is that intestate assumed the risk of injury and that, for that reason, recovery should have been denied, citing, in the leading place, Frese v. C. B. & Q. R. R., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131. In that case—the case of an accident at the crossing of two railroads similar to the accident alleged and shown in the present case—the Supreme Court of the United States held that there could be no doubt that a statute of the state in which the accident occurred, similar to the statute of this state (section 9953 of the Code), applied in the premises. But, in that case, the engineer lost his life, and the court held that he had assumed the risk, since the statute put upon him the imperative duty positively to ascertain that the way was clear before entering upon the crossing. Under the statute of this state, a like duty is placed upon engineers and conductors. Plaintiff's intestate was neither, and while the fact is that he was on top of the lead car and under duty, no doubt, to keep a general lookout for the safety of the train, the specific duty of the field man was that stated above, whereas, the imperative and unqualified statutory duty of stopping the train and ascertaining the way to be clear before going upon the crossing rested upon the engineer and would have rested with equal weight upon a conductor, had there been a conductor in charge of the train. We are unable to put plaintiff's intestate in the place of the conductor under the statute. He was foreman of the switching crew, but he was not a conductor, as that term is generally understood, nor is there warrant for holding that he was a conductor within the purview and meaning of the statute. He may have been guilty of contributory negligence, but we cannot, on the evidence, find that he assumed the risk of the negligence of the field man to whom had been assigned the duty of going before the train to ascertain whether it might safely go upon the crossing.

[16] So far as concerns the disputed question of responsibility in this case, the primary duty to look out for trains on the Southern Railway rested upon Flinn, the fieldman and, as to that, it cannot be said that plaintiff's intestate assumed the risk of his negligence. Our cases of Atlantic Coast Line v. Jeffcoat, 214 Ala. 317, 107 So. 456, and Davis v. Sorrell, 213 Ala. 191, 104 So. 397, sustained the conclusion now stated that there was nothing in the evidence—at least, nothing conclusive—to sustain the contention that plaintiff's intestate assumed the risk of Flinn's negligence or of negligence on the part of Byrd, the engineer, and that, upon the whole case, the trial court did not err in refusing the general affirmative charge requested by defendant.

Having discussed all the assignments of error—at too great length, perhaps—without finding reversible error, the judgment under review will be affirmed.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.