167 So. 259

**LEHIGH PORTLAND CEMENT CO. v. HIGGINBOTHAM et al.**

6 Div. 904.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936

Bradley, Baldwin, All & White and S. M. Bronaugh, all of Birmingham, for appellant.

John W. Altman and J. L. Drennen, both of Birmingham, for appellees.

BROWN, Justice.

The several counts of the complaint on which the case was submitted to the jury are in case. Though count 5 claims damages "for a trespass by the agents or servants of the defendant while acting within the line and scope of their employment," nevertheless the liability of the defendant, if liable at all, is purely consequential. It is not charged with participating in the damnifying act. Its liability rests 'upon the doctrine respondeat superior. Southern Railway Co. v. Hanby, 166 Ala. 641, 52 So. 334.

The injury alleged and damages claimed are not alleged to be the proximate result of a single act or occurrence, but the proximate consequence of a series of acts or course of conduct by the defendant's agents or servants in the prosecution of defendant's business, to plaintiffs' hurt, constituting a private nuisance. Code 1923, § 9271; Central Iron & Coal Co. v. Vandenhcuk, 147 Ala. 546, 41 So. 145, 6 L.R.A.(N.S.) 570, 119 Am.St.Rep. 102, 11 Ann.Cas. 346; Alabama Power Co. v. Stringfellow, 228 Ala. 422, 153 So. 629.

The averments of counts 1 and 8 are in substance the same as the counts considered in Lehigh Portland Cement Co. v. Donaldson (Ala.Sup.) 164 So. 97.[1] The judgment here is that the court did not err in overruling the defendant's demurrers to said counts.

The evidence offered by the plaintiffs goes to show that they suffered from $1,500 to $1,800 damages to their home. The defendant offered no evidence as to the nature and extent of the damages. The jury, after hearing the evidence, inspected the property and returned a verdict assessing plaintiffs' damages at $675, and there was no complaint in the trial court, nor here, that the damages were excessive. Therefore, conceding that the court erred in giving and refusing charges dealing only with the measure of damages, we are satisfied, after inspecting the entire record, that no injury resulted to the defendant therefrom. Therefore, we deem it unprofitable to treat the assignments of error predicated on the giving or refusing of such charges.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

