62 So.2d 792

**Ex parte SMITH.**

**1 Div. 517.**

Supreme Court of Alabama.

Jan. 19, 1953.

320

Alexander Foreman, Jr., and Jos. M. Hocklander, Mobile, for petitioner.

Sam M. Johnston, Chas. B. Arendall, Jr., Johnston, McCall & Johnston and Smith, Hand, Arendall & Bedsole, Mobile, for respondent.

**FOSTER, Justice.**

This is an original petition for mandamus to this Court to require the judge of the Circuit Court of Mobile County to set aside a judgment which he made on June 6, 1952, in which there is contained the following: "It is ordered and adjudged by the court that defendant's motion filed May 15, 1952, to grant a new trial be and the same is hereby granted because of insufficient service".

The motion to which that judgment referred was to *set aside* a judgment by default, and the verdict of the jury thereon, rendered by the court on May 9, 1952. The grounds set up in the motion to set aside the judgment by default may be grouped without referring specifically to the numbered paragraphs. The first group

bases the claim of right on the ground that the summons and complaint were not served on the defendant in point of fact, assuming that the record shows due service. The next group of objections raises the point that the record shows on its face that service was not had on the defendant so as to justify a personal judgment against him. To those grounds, upon which the motion was predicated, there is added a showing that the defendant had a good and meritorious defense to the cause of action. Upon a hearing of that motion, it was made to appear without conflict that there was in fact no actual service upon the defendant who was a non-resident of Alabama and resided in the State of Mississippi, but had knowledge of the suit before the judgment was rendered and had consulted a lawyer.

With respect to that claim of the defendant, it may be observed that although the record does not show in fact an actual service on the defendant, we will consider whether or not it may be sufficient to show a constructive service under section 199, Title 7, Code.

■ Addressing ourselves first to the contention thus made by the defendant, as set up in his motion to set aside the default judgment and the proof submitted as to it, there are certain principles of law which have application. It is to be noted that the action of the court in setting aside the default judgment was made and entered within thirty days after the rendition of said judgment. When that is the situation, the court has the power, in the exercise of its judicial discretion, to do so and its judgment in that respect will not be reviewed by an appellate court except where it is abused. That principle and a discussion of what constitutes an abuse of discretion has been often considered by this Court. We refer in that connection to ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560, and Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163(8), 36 So.2d 513; Ex parte Anderson, 242 Ala. 31, 4 So.2d 420; McDavid v. United Mercantile Agencies, 248 Ala. 297, 27 So. 2d 499. It is only where the order of the judge doing so clearly has no reasonable basis on which to stand that we should annul his act in setting aside the default judgment. The court is presumed not to have abused its discretion. Ex parte Jones, 246 Ala. 433, 20 So.2d 859.

■ A well settled principle is that the court in which a judgment by default was rendered has the duty (not a discretion) to set aside that judgment on motion made within the thirty-day period when it is proven to the satisfaction of the court that service was not had on the defendant, even though the record shows that service was had, and it must be shown on the further hearing of that motion that he had a good and meritorious defense.

■■ After the lapse of the thirty-day period, now constituting the term within the meaning of our old cases, the trial court cannot alter or vacate the judgment on motion of either of the parties on account of the failure to serve process when the record shows that the process was duly served, except under the four-months statute or by a bill in equity. Section 279, Title 7, Code; Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1; Ex parte Bergeron, 238 Ala. 665, 193 So. 113. When the face of the record is sufficient to show jurisdiction of the defendant, and the thirty-day period is passed, and the four-months statute is used (section 279, supra), it is necessary for the movant to acquit himself of negligence or fault in the matter complained of. The same is true when a court of equity is sought to be made available. Dunklin v. Wilson, 64 Ala. 162; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Prudential Casualty Co. v. Kerr, 202 Ala. 259(8), 80 So. 97; Gray v. Handy, 204 Ala. 559, 86 So. 548; Kirkland v. C. D. Franke & Co., 207 Ala. 377, 92 So. 472; Craft v. Hirsh, 227 Ala. 257, 149 So. 683.

But when a motion is made within the thirty-day period, and it is satisfactorily proven that service was not had as shown by the return, the court does not have jurisdiction to render a judgment by default, although he may have had some personal knowledge of its existence. 15 Corpus Juris 799, notes 69 and 70; 21 C.J.S., Courts,

§ 83, pp. 123, 124; 42 Am.Jur. 8, notes 18, 19 and 20; Rosenberg v. Bricken, 302 Ky. 124, 194 S.W.2d 60, 164 A.L.R. 525; Piggly-Wiggly Georgia Co. v. May Investing Corp., 189 Ga. 477, 6 S.E.2d 579, 126 A.L.R. 1465.

The evidence shows that on March 1, 1952, defendant had information of the fact that a suit had been filed against him and a co-defendant. On that day and on March 4, 1952, he consulted a lawyer with respect to it, but did not engage his services. He stated to the lawyer that he had not been served, but that his co-defendant had been. The evidence also sufficiently shows that the registered letter was not in fact offered to the defendant, and that he was not given notice that there was such a registered letter for him, and further that he did not refuse or decline to receive it.

■■■ We do not have a situation where the defendant is controverting a return made by a sworn officer that he made service on defendant, requiring a high degree of proof to disprove. Dunklin v. Wilson, 64 Ala. 162; Eidson v. McDaniel, 216 Ala. 610, 114 So. 204. Defendant does not controvert anything certified by the secretary of state as done by her. The only thing he contradicts is an implication from the word "refused," and asserts that he did not in fact refuse it. No one has certified that he refused it. No one has certified that it was offered to him or that he had notice of it. The mail carrier and postmistress did not certify or testify as to those facts, and no one has so testified or certified. The above stated rule is not so strict under those circumstances. The evidence shows without conflict that the defendant did not receive service of the summons and complaint, as required by section 199, supra: even though we may assume that the face of the record is sufficient to show such service. The evidence satisfactorily shows that the defendant was entitled to have the judgment by default set aside because of the failure to give him notice of the suit in the manner provided by law.

There is also evidence that on March 5, 1952, defendant was critically injured in an accident and was confined in a Mobile infirmary for two weeks. On March 18, 1952, he left the hospital and returned to his home in Mississippi, where he was in bed and unable to perform any work for a long time, and was advised by a physician not to do any work for eight weeks. During that time, on May 9, 1952, the judgment by default was rendered against him.

But it does not appear that the trial judge set aside the judgment in the exercise of a discretion, for he based it solely on the insufficiency of service. An exercise of his discretionary power is therefore not under review. We could not say whether it was abused when it was not used, though it might have been. But when the trial judge set aside the judgment for insufficient service, he could have meant either that the service as shown by the record did not in fact occur, or that its recitals of service do not show a compliance with the law. Although we think the judgment setting aside the default judgment could be supported because defendant was not in fact served, we will also consider the second group set out in the motion to set aside the judgment. That is, that the record shows on its face an insufficient service to confer on the court jurisdiction of the person of defendant, although the court is one of general jurisdiction. As to such a court, "It is only where the face of the record shows a want of jurisdiction will its proceedings be declared void on collateral attack." Blount County Bank v. Barnes, 218 Ala. 230, 232, 118 So. 460, 462; a fortiori, it would under such circumstances be declared void on direct attack.

Defendant was a non-resident, as we have shown, and the motor vehicle belonging to him was involved in an accident in Alabama, in which the plaintiff was injured. If the defendant was operating the car, or if an agent or servant of his was doing so in the line and scope of his authority as alleged in the complaint, that statute (section 199, supra) would apply for the purpose of getting service upon the defendant in a suit in this State. In order for such service to be sufficient under the provisions of that statute there are certain steps necessary: (1) service of a process

shall be made by the sheriff leaving three copies of it with the secretary of state, together with a fee of three dollars; (2) forthwith the secretary of state shall send by registered mail to the defendant a copy of the summons and complaint with a demand for a return receipt, and shall make a certificate which shall be filed in the office of the clerk of the court in which the action is pending, showing the date of the mailing of such registered letter containing a copy of the summons and complaint, and the date of the receipt on the return card. The certificate must be signed by the secretary of state. When those matters appear of record in the cause they show on the face of the proceeding a sufficient service on the defendant to support a personal judgment against him as if personally served within the State. It will be observed that the requirements of section 199, supra, are such as that there must be a return receipt by the post office authorities showing that the defendant received the registered mail.

With respect to that situation, the certificate of the secretary of state, appearing in the record in this case, is complete in every respect to satisfy section 199, supra, as we have indicated above, except that she certified that said envelope containing said summons and complaint and notice was returned to her on the 3rd day of March, 1952, marked "refused". She made an affidavit "that the name of John Hicks was stricken through with pen and ink, and across the face of the envelope was written in ink the word 'refused'." (A photostatic copy of the envelope was attached.) "That affiant does not know who wrote across the face of said envelope the word 'refused'; that she does not know when it was written on there. That the practice has been where registered mail has been returned by virtue of the addressee refusing, being unknown, moved—left no address, or unclaimed, for the reason of such non-service to be written or stamped on the face of the envelope; the date of same and the initials or name of the government post office employee, evidencing the reason for non-service." It is thus made to appear that the practice

in that regard was not observed here. The photostatic copy is as described in the certificate and affidavit of the secretary of state. The word "refused" is not supported by a certificate and affidavit or evidence that it was in fact refused.

It will be noted in this connection that no provision is made in section 199, supra, as to the course to be pursued in the event the defendant refuses to receive the registered mail containing the summons and complaint: but that an Act of the Legislature, approved August 28, 1951, Act No. 562, General Acts 1951, page 976, makes provision for service by registered mail upon a non-resident who shall do any business or perform any character of work or service in this State, to be made in substantially the same manner as provided in section 199, except that in the Act there is also contained a clause that the secretary of state should be advised by the *postal authorities* that delivery of said registered mail was refused by said non-resident defendant, if it was refused. We observe that such advice is in accordance with what the secretary of state stated was the practice in that regard.

It may be conceded, though not decided, for the purpose of this case, that if the registered letter containing the notice was mailed by the secretary of state to the defendant at his place of residence, but was returned to her with a notation on it, apparently made by the postal authorities at its destination, that the defendant to whom it was addressed refused to receive the same and that it was offered to him, all in accordance with the usual practice in that respect, it would be prima facie a service on the defendant. Cherry v. Heffernan, 132 Fla. 386, 182 So. 427; Mull v. Taylor, 68 Ga.App. 663, 23 S.E.2d 595.

But such is not the status of this record. The word "refused" on the envelope does not appear to be in connection with a certificate or statement over any person's signature, or that it was in fact tendered to the defendant, or that he refused it. Of course, if the record shows a failure to comply in material respects with section 199, supra, as we have indicated, or to make

other personal service on the defendant, the judgment by default would be subject to be set aside by the court which rendered it on motion made within the thirty-day period, or even after the thirty-day period had expired, for the reason that the record would show on its face that the court had no jurisdiction of the person of defendant. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341; Independent Publishing Co. v. American Press Ass'n, 102 Ala. 475, 15 So. 947; Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782; Timms v. Scott, 248 Ala. 286, 27 So. 2d 487; Shade v. Shade, 252 Ala. 134, 39 So.2d 785; Arnold v. Garrison, 255 Ala. 11, 49 So.2d 787, and be subject even to collateral attack. Blount County Bank v. Barnes, supra.

We have reached the conclusion that the face of the record does not sufficiently show a compliance with section 199, supra, for the court to acquire jurisdiction of the person of the defendant so as to justify a personal judgment by default against him. We do not approve the reasoning of Sorenson v. Stowers, 251 Wis. 398, 29 N.W.2d 512. This is the only case we find which seems to support the contention of petitioner.

If we assume that the record as to service showed on its face a compliance with section 199, supra, we may still be confronted with the question of whether a judgment by default could be rendered and supported on a direct attack for want of jurisdiction, unless proof is made of those parts of the return of which officers making the return had no personal knowledge. Independent Publishing Co. v. American Press Ass'n, supra.

■ In answer to that inquiry, we find that the allegations of the complaint with respect to a collision occurring in Alabama are sufficient, prima facie, to cause the secretary of state of Alabama to become, *ipso facto,* the agent of the defendant on whom service of summons and complaint could be made. But it is provided that service on her to be sufficient must be followed by certain acts on the part of the secretary of state, concerning which she must certify. Her certificate must show that there was a return receipt demanded, and that it was returned to her together with its date, as well as the fact that a copy of the summons and complaint was mailed to the defendant by registered mail at his place of residence. When those matters are certified by her to have occurred, it is provided that the service is sufficient and will support a judgment by default. Its prima facie sufficiency is not conditioned upon the actual receipt of the registered letter or that it was tendered to the defendant and he refused to accept it. But it is only necessary that the secretary of state certify as required by law. It is not necessary to make proof of those things certified by the secretary of state to have occurred within her knowledge. The only proof that is necessary to be made is in respect to something which the return of the officer is not prima facie sufficient to prove. His return imports verity to the extent that it is within his legal power and duty to act. 50 Corpus Juris 573, notes 79, 80 and 87, 72 C.J.S., Process, § 99; see, section 188, Title 7, Code. Therefore, the principle stated in Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 So. 807; Roman v. Morgan, 162 Ala. 133, 50 So. 273, and Independent Publishing Co. v. American Press Ass'n, 102 Ala. 475, 15 So. 947, and many other cases, has no application.

A judgment by default is valid upon its face when the record shows by the certificate of the secretary of state and the return of the sheriff a compliance with section 199, supra, without any additional proof being made in respect to the service.

We have reached the conclusion, however, that it was the duty of the circuit court to grant the motion to set aside the judgment by default on account of the matters which we have discussed. That judgment doing so was without error, so that the petition for mandamus is denied.

Petition for writ of mandamus denied.

LIVINGSTON, C. J., SIMPSON and GOODWYN, JJ., concur.