97 So.2d 896

Howard S. SAPP

v.

G. Plummer FROST.

8 Div. 931.

Supreme Court of Alabama.

Oct. 31, 1957.

**550**

W. L. Chenault, Decatur, for appellant.

Norman W. Harris, Decatur, for appellee.

GOODWYN, Justice.

This is an action for the conversion of a farm tractor, including certain attach-ments thereto, brought by appellant against appellee (Code 1940, Tit. 7, § 223, Form 26). There was a jury verdict in favor of appellee. This appeal is from the judgment rendered on said verdict and the judgment overruling appellant's motion for new trial.

 There is only one question presented, and that is whether there was sufficient evidence to support the verdict. We have carefully read and considered the evidence. It is our view that a question of fact for the jury's determination was clearly presented and that there is no basis for disturbing their verdict. No good purpose would be served by detailing the evidence. We think it sufficient to note that appellee acquired the tractor and equipment in a trade with appellant's wife and son for a pick-up truck, and that, although denied by appellant, his wife (who was separated from him) and son both testified that title to the tractor and equipment passed from appellant to the son by virtue of an agreement between them that if the son finished the crop and paid off a mortgage on the tractor he would give him the crop and tractor and equipment; and that the son finished the crop and paid off the mortgage.

"When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial; * * *. But, when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. * * * (T)he decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court

that it is wrong and unjust." Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740.

From Smith v. Smith, 254 Ala. 404, 408, 48 So.2d 546, 548, we quote the following:

"* * * Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. * * * It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. * * *"

We cannot say that the trial court erred in overruling the motion for a new trial.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.