152 So.2d 138

James RANDOLPH

v.

Wilma Sue Clayton KESSLER.

8 Div. 95.

Supreme Court of Alabama.

April 11, 1963.

Harold O. Weeks, Scottsboro, for appellant.

H. T. Foster and John B. Tally, Scottsboro, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment for the plaintiff, in amount of $1900, for personal injuries in a case tried to a jury in the Circuit Court of Jackson County, Alabama. It was tried on a single count alleging willful or wanton misconduct of the defendant and was brought under the Alabama guest statute, Title 36, Sec. 95, Code of 1940, Recompiled 1958.

The question raised by the assignments of error, and argued in brief, are: the excessiveness of the damages, admission of some allegedly hearsay testimony, the correctness of the trial judge's action in refusing to grant a new trial, and whether or not a married man over the age of 18 years must be represented by a guardian ad litem. The defendant was 18 years old and married at the time the suit was instituted.

The real issue involved, however, is whether or not the trial court committed error in its refusal to grant the affirmative charge for the defendant on the ground that there was not even a scintilla of evidence of willful or wanton misconduct. Willful misconduct is not an issue here.

In considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge in such reasonable inferences as the jury was free to draw from the evidence. English v. Jacobs, 263 Ala. 376, 82 So.2d 542; Wilson & Company v. Clark, 259 Ala. 619, 67 So.2d 898.

A careful examination of the transcript shows that the evidence most favorable to the plaintiff is substantially as follows:

The defendant was the driver of a car in which plaintiff was riding as a guest. Defendant was in the City of Scottsboro, Alabama, on the Lee Highway which passed through the city. He had already passed one or two traffic lights and was approaching a third at a speed which may have been slightly in excess of 45 miles per hour.

The appellant had knowledge, or should have had knowledge, that he was traveling upon a thoroughfare through a populous community and that traffic signals had been erected over many intersections

of streets and said highway as he proceeded through the City of Scottsboro. Appellant was aware, or should have been aware, of the speed of his vehicle and should have been on the lookout not only for traffic signals ahead but for traffic proceeding along the main highway and for traffic approaching the main highway from the various intersections through which he traveled. As we view the evidence, the appellant, with conscious disregard of these known duties, proceeded into the intersection without even looking where he was going, without observing traffic on the highway he was traveling, and without observing traffic approaching at the intersection, all of this while traveling at a speed of 45 miles per hour. According to the testimony of the appellant, he stated "he was not looking at the intersection," and further, "I did not see anything until my wife said look out for the red light. I did not see the intersection until she hollered and until that time I had not seen anything that was going on at the intersection."

This court has defined wantonness as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. English v. Jacobs, supra; Schuler v. Nelson Weaver Companies, 270 Ala. 727, 121 So.2d 908; Duke v. Gaines, 224 Ala. 519, 140 So. 600. There are innumerable Alabama cases on wanton and willful misconduct, and we observe that, as stated in Simon v. Goodman, 244 Ala. 422, 13 So.2d 679, each case is bound by its material facts. It would unduly lengthen this opinion and serve no useful purpose to discuss in detail the cases relied upon. There are no reported cases having substantially the same facts as the case at bar, but the law, as stated above, is clear. Without unduly burdening this opinion with a further recital of the evidence, we are to the conclusion that the evidence is sufficient to put the case to the jury on the question of wantonness of the defendant, and it was not error to refuse appellant's written affirmative charge.

Assignment of error 15 reads as follows:

"15. The Court erred in admitting the testimony of the plaintiff, over the objection of the defendant, with reference to instructions given her by Dr. Kelly, who was not a witness in the case."

The record disclosed that Dr. Peet had already testified, without objection, and established the same facts which are sought to be established here. If error intervened, it was without prejudice. 2A Ala.Dig., Appeal and Error, ☞ 1057–1058.

Assignment of error 16 reads:
"16. The Court erred in admitting the testimony of M. D. McDonald, over the objection of the defendant, as to what might have happened had the back bumper of the Bradford car not caught the front bumper of the Ford automobile." (citing Transcript p. 35)

It is not clear as to what testimony the appellant refers to in this assignment. If it was to the first statement by Mr. McDonald, appellant's objection was sustained. If it was to the second statement made by Mr. McDonald, no objection was made to the question and no move to exclude the answer was made by the appellant. This assignment of error is without merit.

Assignment of error 17 is as follows:

"17. The Court erred in failing to appoint a guardian ad litem for the defendant, a minor, eighteen years of age, who was not represented by a guardian or guardian ad litem on the trial of said cause of action."

There is no merit in this contention. Appellant apparently overlooked Title 34, Sec. 76(1), Code of 1940, Recompiled 1958, Pocket Part. This statute relieves the

disabilities of minority of all married men over the age of 18 years, and gives such men the same legal rights and abilities as those over the age of 21.

Assignments of error 18, 19 and 20 are as follows:

"18. The verdict of the jury is contrary to the law and evidence in the case.

"19. The verdict of the jury is contrary to the great preponderance of the evidence in the case.

"20. The verdict of the jury is contrary to the law as declared by the Court in its oral charge."

We have effectively answered these three assignments of error in holding that the appellant was not entitled to the general charge under the evidence and law of the case. Moreover, we have repeatedly held that such assignments of error are not sufficient. Roan v. Smith, 272 Ala. 538, 133 So.2d 224; King v. Jackson, 264 Ala. 339, 87 So.2d 623. In the case of Mulkin v. McDonough, 266 Ala. 281, 95 So.2d 921, it was said, "Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal."

Assignment of error 21 raises the question of the excessiveness of the verdict. We are not impressed that the verdict for $1900 in this case is excessive. Furthermore, punitive damages and wantonness can coexist with compensatory damages. McDonald v. Amason, 39 Ala. App. 492, 104 So.2d 716.

Assignment of error 22 reads:

"22. The Court erred in overruling defendant's motion for a new trial."

We have repeatedly held that "verdicts are presumed to be correct, and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. * * * It is recognized by this court that when the presiding judge refuses, as here, to grant

a new trial, the presumption in favor of the correctness of the verdict is strengthened. * * *" Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Sapp v. Frost, 266 Ala. 549, 97 So.2d 896; Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391; 15A Ala.Dig., New Trial, ⚍ 72.

We cannot say the trial court erred in overruling the motion for a new trial.

It is axiomatic that assignments of error not argued in brief are waived.

We have answered all the assignments of error argued in brief and find no error to reverse.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.