186 So.2d 140

**STATE of Alabama**

**v.**

**Ida Belle YOUNG.**

**3 Div. 89.**

Supreme Court of Alabama.

May 5, 1966.

Frank J. Mizell, Jr., and Maury D. Smith, Montgomery, for appellant.

Ball & Ball and Harry Cole, Montgomery, for appellee.

LAWSON, Justice.

The State of Alabama filed a petition in the Probate Court of Montgomery County to condemn lands of Ida Belle Young for highway purposes.

The award of the commissioners in the Probate Court was $160,000 and a judgment of condemnation was entered accordingly.

The State took an appeal to the Circuit Court of Montgomery County, where no issue was made as to the right of the State

to condemn the property in question. The sole issue was the amount of damages to be awarded the property owner.

In the Circuit Court the trial was before a jury, which returned a verdict in favor of the property owner, Ida Belle Young, in the sum of $115,000. Judgment was entered accordingly and the State's motion for a new trial was overruled. The State has appealed to this court.

The State argues several assignments of error which are to the effect that the trial court erred in giving at the request of the appellee, the landowner, certain written charges which relate to the measure of damages. The State also argues assignments of error which challenge the action of the trial court in refusing certain written charges requested by the State, which charges also relate to the measure of damages. The State further argues assignments of error asserting error on the part of the trial court in overruling objections interposed by the State to questions which elicited testimony which bore on the measure of damages.

Yet the State does not contend that the amount of the verdict was excessive. There is an assignment of error to the effect that the trial court erred in overruling the State's motion for a new trial. The motion for a new trial did not contain a ground asserting that the verdict of the jury was excessive. It did contain grounds to the effect that the verdict of the jury was contrary to the evidence and was not sustained by the evidence. But those grounds are not argued, even if it could be assumed that they are sufficient in a case of this kind to raise the question of the excessiveness of the verdict.

In State v. Dunlap et al., ante p. 418, 186 So.2d 132, we reaffirmed our holding in State v. Peinhardt, 270 Ala. 627, 120 So.2d 728, decided in 1960, which holding is to the effect that where the State appealed in a condemnation case and complained of parts of the oral charge and a written charge given at the request of the landowner concerning the method of computing compensation, error, if any, in the giving of such instructions could not work a reversal where the State had not complained specifically that the compensation awarded was excessive. In State v. Dunlap et al., supra, we applied the rule of State v. Peinhardt, supra, to assignments of error complaining of the admission of evidence as to the measure of damages.

We are constrained, therefore, to hold that since the State has not questioned the excessiveness of the verdict in this court, the assignments of error alluded to above are insufficient to work a reversal of this cause even if it be assumed that some or all of them contain merit, for no injury to the State is made to appear.

The State has assigned as error the refusal of the trial court to give its written charges No. 23 and No. 24 requested by it, which are summarized to the effect that "the property owner has the burden of proof to sustain any damages claimed by her." Perhaps the rule of the *Peinhardt Case*, supra, has application to these assignments of error, but in any event Charge 33, given at the request of the State, substantially and fairly stated the rule as to burden of proof.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., dissents.