191 So.2d 519

**Travis COOPER**

v.

**Daisy WATTS.**

1 Div. 273.

Supreme Court of Alabama.

Oct. 27, 1966.

Paul W. Brock, Louis E. Braswell and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellant.

Samuel Stockman, Mobile, for appellant Cooper on motion to require insurance carrier to post supersedeas bond.

Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for U. S. Fire Ins. Co., on motion to require supersedeas bond.

Kilborn, Darby & Kilborn, Mobile, for appellee.

GOODWYN, Justice.

Appellee brought suit against appellant and two other persons to recover damages for injuries she received when appellant drove a truck, in which appellee was a passenger, into the side of a concrete bridge. The complaint, as last amended, contained two counts, one charging negligence and the other wantonness. The trial court gave the affirmative charge with hypothesis in favor of all three defendants as to the negligence count and also gave the charge in favor of the two other defendants as to the wanton count. The case went to the jury against appellant alone on the wanton count.

The jury returned a verdict for $30,000 in favor of appellee. There was judgment in accord with the verdict. This appeal is from that judgment and also from the judgment overruling appellant's motion for a new trial.

Appellant assigns error in overruling his motion for a new trial. Among the argued grounds of the motion are several charging insufficiency of the evidence to support the charge of wantonness. Our view is that a jury question was presented on the issue of wantonness.

In determining the sufficiency of the evidence, this court must accept the evidence most favorable to the plaintiff as true, and must indulge such reasonable inferences therefrom as the jury was free to draw. See: Randolph v. Kessler, 275 Ala. 73, 152 So.2d 138; English v. Jacobs, 263 Ala. 376, 82 So.2d 542. Considering the evidence in the light of this rule, we think there was ample support for the jury's finding of wantonness on the part of appellant.

"Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448, and cases there cited.

"What constitutes wanton conduct depends upon the facts in each particular case. Lewis v. Zell, 279 Ala. 33, 181 So. 2d 101." Barnes v. Haney, ante p. 39, 189 So.2d 779.

We see no good purpose to be served by detailing the evidence. It seems sufficient to note the following: Appellee, a practical nurse, was being taken by appellant to her night work. He had been to her house to check her driveway. On the way, appellant

stopped at the Tarpon Lounge. When he got there he was already slightly inebriated. While there, he drank three or four beers and got "pretty well loaded." Appellee drank coffee. On leaving the Lounge, appellant "scratched off," throwing gravel against the building, and left at a high rate of speed, about 60 miles an hour on an unfamiliar road. It was a dry, clear night, and there was nothing to obscure his vision. He was swerving back and forth across the road when he struck the bridge, which was a short distance from the Lounge. The road was paved, and it was downhill from the Lounge to the bridge. There was no traffic on the road in either direction.

■ The other questions argued by appellant relate to the admission of evidence and argument to the jury by appellee's counsel. All of these argued assignments of error relate to, and have a bearing upon, the amount of damages to be awarded the plaintiff; but the amount of the damages is not questioned by appellant in his brief, although one of the grounds of his motion for a new trial charged excessiveness of the verdict. Accordingly, error, if there be error in any of the challenged rulings, is rendered harmless and cannot work a reversal. See: State v. Dunlap, 279 Ala. 418, 186 So.2d 132, and cases there cited; Louisville and Nashville Railroad Company v. Lynch, 279 Ala. 461, 186 So.2d 921; State v. Jackson, 279 Ala. 425, 186 So.2d 139; State v. LeCroy, 279 Ala. 428, 186 So.2d 142; State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; Lehigh Portland Cement Co. v. Higginbotham, 232 Ala. 235, 167 So. 259; Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312, cert. den. 273 U.S. 758, 47 S.Ct. 472, 71 L.Ed. 877.

■ Appellant takes the position that the argument in his brief on the sufficiency of the evidence to support the charge of wantonness also embraces sufficient argument of excessiveness of the verdict. We cannot agree. Since appellant, in his brief, has not "complained *specifically* that the damages assessed were excessive," there

has not been sufficient argument of the question of excessiveness of the verdict. State v. Dunlap, 279 Ala. 418, 186 So.2d 132, 133, supra; State v. Young, 279 Ala. 426, 186 So.2d 140, 141; Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 288–289, 110 So. 312, supra.

■ Appellant has petitioned this court to order the United States Fire Insurance Company to "post supersedeas bond to supersede the judgment of $30,000 heretofore entered in this cause." The petition alleges that appellant is covered by a liability policy issued by the insurance company. The company, appearing specially, has filed a plea in abatement and an answer to the petition. Two of the grounds assigned in each of these instruments for dismissal of the petition are that there has been no service of process upon the insurance company and that the company is not a party in the case. Our conclusion is that these grounds have merit and that the petition is due to be dismissed.

■ There is no question that the insurance company has not been made a party in this case. Its furnishing of counsel for defense of the suit was pursuant to its contractual obligation to do so. Fulfilling this obligation has not made the company a party to the suit.

■ "It is elementary law that in order for a court to have jurisdiction of the person there must be service of process or voluntary appearance." Ex parte Gunter, 17 Ala.App. 313, 315, 86 So. 146, 147. As said in Alabama Alcoholic Beverage Control Board v. State ex rel. Krasner, 247 Ala. 469, 471, 25 So.2d 30, 32:

"It is established * * * that the constitutional guarantee of due process of law means notice and opportunity to be heard, and to defend, before a competent tribunal vested with jurisdiction of the subject-matter of the clause.' 42 Am. Juris. p. 7, § 4; 12 Am.Juris. 267, Constitutional Law, §§ 573 et seq."

In Ex parte Smith, 258 Ala. 319, 322–323, 62 So.2d 792, 794, where there was a proceeding to set aside a judgment by default because of lack of service of process on the defendant, it was said:

" * * * [W]hen a motion is made within the thirty-day period, and it is satisfactorily proven that service was not had as shown by the return, the court does not have jurisdiction to render a judgment by default, although he may have had some personal knowledge of its existence. * * * 21 C.J.S., Courts, § 83, pp. 123, 124; 42 Am.Jur. 8, notes 18, 19 and 20; * * *."

From 42 Am.Jur., Process, §§ 3, 4, pp. 6, 7, 8, supra, is the following:

" § 3. Object of Service of Process; Notice to Party. * * * Service of process is for the purpose of notifying a defendant of the claim or charge against him so that he may properly prepare himself to answer it. It is this notice which gives the court jurisdiction to proceed. To say that process confers jurisdiction means that it empowers the court to exercise authority derived from law.

\* \* \* \* \* \*

"4.—Acquisition of Jurisdiction; Effect of Omission of Service.—The constitutional guaranty of due process of law means notice and opportunity to be heard and to defend before a competent tribunal vested with jurisdiction of the subject matter of the cause, and it is essential therefore to the exercise of that jurisdiction, where the defendant does not enter a voluntary general appearance or otherwise waive service of process, that process issue giving notice to those whose rights and interests will be affected.

" * * * The necessity of service of process or a waiver thereof, in order to obtain jurisdiction, is not dispensed with by the mere fact that the defendant may in some way have learned of the filing of the suit. One who is not served with process does not have the status of a party to the proceeding."

The following is from 21 C.J.S. Courts § 83, pp. 123–124, supra:

"To authorize a court to proceed, it must acquire jurisdiction over defendant in some mode authorized by law, by service or other means, and * * * a judgment rendered without acquiring such jurisdiction is a nullity. So the rule prevails that, in the absence of defendant's voluntary submission to the jurisdiction of the court, service of process or the prescribed legal or statutory notice is always a prerequisite to jurisdiction over either the person or the property, and the statutory mode of service or of giving notice must be followed, including requirements as to time. * * * [A] person's knowledge of the existence of an action does not supply the want of compliance with the statutory or legal requirements as to service, and * * * a person's mere presence in court does not give jurisdiction to enter a judgment against him when he was not brought there by any legal means."

We have held that the constitutional requirement of due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing. Ex parte Rice, 265 Ala. 454, 458, 92 So.2d 16; Garrett v. Reid, 244 Ala. 254, 256, 13 So.2d 97; Frahn v. Greyling Realization Corporation, 239 Ala. 580, 583, 195 So. 758, 761. In *Frahn* it was also said:

" * * * Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. * * *"

We emphasize that nothing said here should be taken as indicating in the slightest

degree that the other grounds relied on by appellee for dismissal of the petition are lacking in merit or that the posting of a supersedeas bond would be ordered if there had been proper service of process on the insurance company.

Appellant's petition is due to be dismissed and the judgment appealed from is due to be affirmed.

Petition dismissed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, J., concur.

COLEMAN, J., concurs specially.

COLEMAN, Justice (Concurring Specially):

In State v. Dunlap, 279 Ala. 418, 186 So. 2d 132, my dissent sets out at length reasons why I disagreed in that decision. The majority of this court held that a party who appeals to this court, cannot have a review of rulings on admissibility of evidence, bearing on the amount of damages, unless the party has first filed in the trial court and has there obtained a ruling on motion for new trial on the ground that the verdict is excessive, has assigned as error the judgment overruling the motion, and has adequately argued the ruling on that ground of the motion in his brief on appeal.

Under our rule of review; Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740; when there is competent evidence which sustains the amount of the verdict, it is an utterly useless thing for a party to complain on appeal that the verdict is excessive. Nevertheless, the majority held in *Dunlap* that the party must do this useless thing before the party is entitled to have review of a ruling of the trial court overruling the party's objection to the admission of evidence bearing on the amount of damages.

The same obstacle was placed before the review of other rulings in State v. Graf, Ala., 189 So.2d 912,[1] wherein I reiterated my views on this question, but the majority remain adamant. Their errors be on their own heads.

At this point, no useful purpose would be served by requiring the whole court to spend time to consider the instant case and decide again on a question recently twice decided. For that reason, I concur in the instant decision, although my views as expressed in *Dunlap* and *Graf* remain unchanged