BERNARD ELLERING v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 29, 1909.

Nos. 15,905—(217).

**Eminent Domain—Appeal from Verdict.**

In an appeal from a verdict in condemnation proceedings it is *held* that

1. Certain objections, not covered by assignments of error and not argued in appellant's brief on appeal, are not properly presented for consideration.

2. A notice of appeal from an award of commissioners to the district court, served after notice of filing of report, perfected the appeal, although a prior notice of appeal had been served before notice of filing had been given.

3. Alleged defects in the charge of the trial court are within Steinbauer v. Stone, 85 Minn. 274.

4. The trial court did not abuse its discretion in allowing plaintiff to open and close to the jury. Minnesota Valley R. Co. v. Doran, 17 Minn. 162 (188), followed.

5. Alleged erroneous ruling on evidence did not result in prejudicial error.

Condemnation proceedings in the district court for Stearns county. The commissioners appointed by the court awarded respondent the sum of $1,700. The defendant served notice of appeal immediately after the filing of the award, and later, after the commissioners had served the notice of filing of the award as provided by statute, defendant took a second appeal to the district court. The case was tried before Taylor,

[1] Reported in 119 N. W. 507.

J., and a jury which assessed plaintiff's damages at $3,500. From an order denying a motion to vacate and set aside the verdict and grant a new trial, defendant appealed.     Affirmed.

*A. H. Bright* and *Reynolds & Roeser,* for appellant.

*J. D. Sullivan,* for respondent.

JAGGARD, J.

The defendant and appellant railroad company sought to appropriate certain lands belonging to plaintiff and respondent by condemnation proceedings. The commissioners assessed damages to plaintiff at $1,700. The plaintiff served notice of appeal immediately after the filing of the report, and on the same day, and later on, after the commissioners had served notice of filing of the award, plaintiff took the appeal to the district court. There a jury awarded him damages in the sum of $3,500.

1. A meritorious contention by defendant is that "the damage awarded by the jury in this case was clearly excessive, and was not justified by the evidence." This was assigned as one of the grounds for a new trial. On appeal to this court, however, no assignment of error was directed to it, except this: "The court erred in denying appellant's motion for a new trial upon the several grounds alleged in the notice thereof." It is clear that this assignment is insufficient in itself. Moreover, the question was not argued in defendant's brief. Accordingly it is impossible for us to reverse on this ground.

2. It is also urged in argument in this court that the trial court erred in instructing the jury that it might take into account, in assessing damages, the inconvenience and damages to the landowner in crossing the railroad track on the public highway. It is very doubtful whether this was covered by the assignments of error. Present practice on that point is, however, extremely liberal. The consideration which finally determines that this question cannot be considered is that the point was raised for the first time upon oral argument in this court.

3. There is no merit to the assignment of error addressed to the alleged error of the court in refusing to compel the plaintiff to elect upon which appeal he would proceed to trial—the one taken before the serving of the filing of the award of the commissioners, or the one taken subsequent thereto. Section 2532, R. L. 1905, provides "that the ap-

peal may be taken at any time within thirty days after service of the notice that the report has been filed." The trial court properly held that but one appeal had been taken. The notice of appeal given prior to the service of the notice that the report has been filed was of no legal validity. The district court heard the case upon the appeal perfected by the second notice.

4. The trial court did not submit to the jury the issue whether the tract of land was used as one farm and constituted but a single tract of land. Defendant contends that the trial court erred in assuming these facts as a matter of law. No request to charge on this point was made by defendant, and no objection to the charge given was made before it retired. Moreover, it was assumed throughout the trial that plaintiff's tract of land constituted one farm. Thus defendant's counsel asked a witness: "What in your judgment that tract of land, which consists of 394½ acres, is the entire farm, what in your judgment would be the reasonable market value of that land before the railroad went through there?" Under these circumstances, and upon the testimony contained in the record, no error appears. See Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

5. The trial court charged the jury that "the damages which the landowner is entitled to receive is the difference between the value of his farm taken as a whole before the locating and building of the railway across the same, and its value as a farm with the railway located upon the same as it now exists." The charge did not specifically say anything about the time, whether it was at the time of the trial or prior thereto. The plaintiff insists that it was susceptible of only one fair construction, namely, that the measure of damages was the difference in the value of the farm as it existed without any railroad upon it and what it was with the railroad located over it as shown at the time of the trial. With this view we do not entirely agree. If the court's attention had been called to the ambiguity as to time, or, as defendant insists, to the error in that regard, and after the court had refused to make the instruction the defendant had duly excepted, an assignment of error must have prevailed. No such objection was made. Moreover, in its charge to the jury the court said: "The amount of these damages is the only question for you to determine. There is no dispute as to anything else. There isn't even any dispute

between the attorneys as to the law, or the rule that applies to the measure of damages." Plaintiff had previously requested to give the charge on the subject which he did give. No objection appears to have been made by the defendant to the giving of that charge. This controversy also is controlled by the rule laid down in Steinbauer v. Stone, supra.

6. The court denied defendant's motion that it be allowed the opening and closing of the case to the jury. This is a question of practice. Minnesota Valley R. Co. v. Doran, 17 Minn. 162 (188), holds in so many words that, upon appeal to the district court from an award of railroad condemnation proceedings, the landowner assumes the position as plaintiff and is entitled to open and close. There was, accordingly, no abuse of discretion by the trial court in this regard. See Sartell v. Royal Neighbors of America, 85 Minn. 369, 88 N. W. 985.

7. Finally, the action of the trial court in sustaining objections to certain questions asked is assigned as error. Apart from doubt as to whether any error had been committed, it is clear that no prejudice resulted. As has been previously pointed out, no assignment of error is addressed to excess of the award. The questions were designed to affect the amount of the verdict.

Affirmed.