Cunningham, Judge.
On November 1st, 1907, Smith, as plaintiff below, filed his complaint in ejectment in the district court of Washington County, alleging title in fee simple and wrongful detention by defendant of the land involved. The answer was a general denial, and the plea of the seven year statute of-limitations, pertaining to vacant and unoccupied lands. The plaintiff’s title being a patent from the government justified the judgment in his favor, *54 unless the tax deeds offered by the defendant were sufficient to divest his title.
1. ■ On the trial the defendant introduced a decree of the county court of- Washington County, purporting to quiet title in it to the lands claimed by the plaintiff in this suit. The decree of the county court was based on an attempted service by publication, which service was void for the reason, among other things, that the affidavit upon which the order to make service by publication was based, failed to state the postoffice address of the defendant, and also failed to state that his postoffice address was unknown to affiant. Empire Ranch & Cattle Co. v. Howell, No. 3406, 22 Colo. App., 389.
2. The complaint having been filed less than seven years after the recording of the tax deed, the statute of limitations is not available as a defense. Sayre v. Sage, 47 Colo., 559.
3. The defendant offered in evidence a treasurer’s deed, dated and recorded February 19, 1901. This deed was offered as color of title. It appears upon the face of this instrument that the land had been sold to the county for delinquent taxes, and the certificate of purchase was assigned to the appellant by the county clerk more than three years after the sale of the land for taxes. Defendant also introduced a second tax deed dated April 30, 1908, which had been executed, as it is stated, to correct certain errors in the deed of February 19, 1901, to which we have just referred. This second tax deed recites that, “Whereas, in consideration of the premises and in accordance with the laws of Colorado in such case made and provided, said County of Washington did heretofore duly sell, assign and deliver unto the said The Empire Ranch & Cattle Company the said certificate of purchase,” etc. It is impossible to tell from the recitation (a) the date of the assignment of the tax certificate by the county to the *55 defendant, or (b) by whom it was assigned. This deed also shows upon its face that the land was bid in by the county on the first day that it was offered for sale by the treasurer (as the writer believes), or else it fails to disclose on what, if any, days previous to the date of sale it had been offered. The second tax deed on which defendant relies for title was, for the reasons pointed out, void on its face, and properly excluded by the court.
Decided October 14, A. D. 1912.
Rehearing denied November 11, A. D. 1912.
In this connection it may be .well to call attention to the fact that the tax deed or deeds cancelled by the decree of the trial court, described several tracts of land not involved in this case. The effect of that clause of the trial court’s decree cancelling the tax deed or deeds held and offered in evidence by the defendant should not extend beyond the land herein involved, and so far as the decree may be in conflict with the views we here now express, the same is modified.
Empire Ranch & Cattle Co. v. Stratton, No. 3407, 22 Colo. App., 576.
The judgment of the trial court, as modified, is affirmed.

Affirmed.