FERDINAND ERICKSON v. A. J. (ALSO KNOWN AS ALEX) KUEHN.[1]

July 12, 1935.

No. 30,441.

[1]Reported in 262 N. W. 56.

*Daly & Barnard,* for appellant.

*Guesmer, Carson & MacGregor* and *Paul D. Stratton,* for respondent.

Holt, Justice.

Defendant appeals from the order denying a new trial.

The action was to recover for injuries received in the collision between a truck operated by defendant and a Ford car in which plaintiff was a passenger. Plaintiff had a verdict. The collision occurred at about seven o'clock in the evening of November 9, 1933, on a graveled highway running east and west through the little village of Echo, this state. The highway is the main business street of the village for a couple of blocks west of the place of collision. Defendant was driving his truck west, and one Czaplewski, with whom plaintiff was riding, was driving east. At a point some few feet east of the easterly intersection of a north and south street the two vehicles came in contact. The Ford car was struck back of the hood and completely wrecked. The truck was not extensively damaged. Each driver claimed to have occupied the proper side of the highway and accuses the other of having

swerved over against his vehicle. It is undisputed that the graveled part of the highway was some 27 feet in width at the place in question with grassplots on either side some 10 feet wide. It was somewhat crowned. On each side of the center were well marked lanes for east and west travel. The headlights of both vehicles were burning. There was no other traffic on the highway. The Ford was going less than 20 miles an hour, and there is no direct evidence that the truck was driven at an excessive speed. Defendant's attention was diverted by the presence of three 12-year old boys at his side of the road just about the time of the collision. Each driver noticed the vehicle approaching because of the headlights. The Ford had on a two-gallon can of oil, which was thrown out in the street by the impact, where it tipped over and the oil poured out. All agree that this oil spot was in the east lane of travel, that is, south of the center of the highway. After the collision the Ford fronted to the north. The truck swerved to the southwest and approached within a few feet of the south line of the graveled roadway some 50 to 100 feet west of the collision, then went back to its own side of the road. There is much variation and dispute as to details; but the chief dispute was as to the position of the Ford car just after the collision, plaintiff's witnesses claiming that it was south of the center of the roadway, and defendant's that it was mostly if not wholly north of the center. It is clear that the jury, in addition to the conflicting testimony of the occupants of the vehicles, could find corroboration either for plaintiff and his driver or for defendant in the position of the oil spot, the position of the Ford, the tracks of the truck, the place where the broken glass and splinters were noticed, and other incidents developed at the trial. There was no excuse for a collision where each saw the other's headlights approaching for more than a block on a wide, straight, almost level road. One or both of the drivers must have been negligent. Even if both drivers were at fault, plaintiff, a passenger, could recover, no contributory negligence appearing on his part. To us it is clear that defendant's negligence was for the jury, and we are of the opinion that there

is sufficient evidence to sustain the verdict finding that defendant's negligence caused or proximately contributed to cause plaintiff's injuries and that there was no contributory negligence on his part.

Error is assigned upon the ruling sustaining an objection to this question asked Czaplewski on cross-examination: "Was there anything to prevent you turning around on the street and going back there?" There was no testimony of any intention to turn around at that place. Certain X-rays had been received in evidence, and defendant's motion at the close of the testimony to exclude them from the jury was denied. These exhibits could bear only on the extent of the injuries sustained by plaintiff; and, since the amount of the verdict is not challenged as excessive, defendant is not in position to claim prejudice from the ruling.

Misconduct of counsel is charged in two particulars. In his argument to the jury the width of the truck was overstated; also he told the jury $15,000 should be awarded as compensation for the injuries and suffering. It is impossible to believe, even if counsel was confused in respect to the measurements given, that the whole jury could be misled to defendant's prejudice. A few inches added width to the truck did not cause the collision. It is clear that the front fenders and bodies contacted, if not the left front wheels. Counsel's demand for $15,000 the jury did not heed. The verdict was for $8,148. And, as before stated, the verdict is not attacked as excessive, and therefore, if counsel's demand for more be regarded as improper, it cannot be held prejudicial in this instance.

Without requesting instructions before the charge, counsel asked the court to give additional ones after the charge was finished. These were that the court charge:

"That the question of insurance is not in this case at all; * * * that there is no evidence in this case that the defendant's truck exceeded the legal width; * * * that * * * the defendant had a right to act and drive, within reasonable limits, on the assumption that all others using the road would exercise due care; that he was not obliged to assume that some other person might be negligent."

The court had charged fully that the jury should not have regard to whether or not defendant had insurance and that they would violate their oaths as jurors if they discussed the question of insurance in the jury room. No suggestion of insurance is found in the record, aside from the court's charge and the request of defendant's counsel to charge. We have already alluded to the width of the truck. The evidence was not quite clear whether or not it exceeded 96 inches; but at any rate it was of no significance as a cause of the collision. The last request was good law; but defendant is not in position to complain, for good practice requires requested instructions to be presented to the court before arguments to the jury are made. 2 Mason Minn. St. 1927, § 9298.

Error is assigned on this sentence in the charge: "Of course, if the evidence in your opinion preponderates in favor of Kuehn then you will return a verdict for him." No exception was taken to this language before the jury retired. But we think it merits no criticism when considered with what precedes, wherein the jury were told that the burden was on plaintiff to prove by a fair preponderance of evidence that defendant's negligent operation of the truck was the proximate cause of plaintiff's injury, and if the scales balance they must find for defendant, followed by the sentence quoted. When the context is considered, the sentence upon which error is assigned furnishes defendant no ground for a new trial.

Order affirmed.