## MOODY v. CASTLEBERRY.
### No. 5804.

Court of Civil Appeals of Texas. Texarkana.
May 9, 1941.

Rehearing Denied May 15, 1941.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellant.

W. H. Crunk, of Cooper, for appellee.

JOHNSON, Chief Justice.

This suit was filed by H. P. Castleberry to recover actual and exemplary damages from W. A. Moody for the alleged wrongful and malicious shooting and injuring of plaintiff's three horses. In substance, plaintiff alleged that his three horses got out of his pasture through a division fence owned by defendant and into defendant's field where they were wilfully and maliciously shot with a shotgun by the defendant, severely and permanently injuring them. It is alleged that one of the horses lost an eye from the injury; that each of the horses sustained, in addition to the physical injuries, severe shock or scare which resulted in its becoming skittish, excitable and unruly. Plaintiff's petition further fully describes the size and condition of his horses,

including their good qualities as work animals and saddle horses, before the injury, as well as the nature and extent of the injuries sustained and the results thereof on each of the horses; by reason of which he alleges that he sustained a loss in the market value of each of the horses; that his large bay horse, the one sustaining the loss of an eye, was of the reasonable market value of $100 immediately before the injuries and that as a result of such injuries said horse was of the reasonable market value of only $25 after the injury; that his other large bay horse was of the reasonable market value of $100 immediately before the shooting, and as a result thereof was of the reasonable market value of only $75 after the shooting; that his smaller bay horse was of the reasonable market value of $50 prior to the shooting, and as a result thereof he was of the reasonable market value of only $25 after the shooting. Plaintiff further alleged that he had expended the sum of $2.50 for veterinary's bill in doctoring the horses. Plaintiff prayed for judgment for actual damages in the sum of $129.50, and for exemplary damages in the sum of $500. The defendant answered by general demurrer and general denial and specially alleged that plaintiff's horses had continuously broken into defendant's pasture and that defendant had repeatedly driven said horses out of his pasture and had warned plaintiff to keep his horses out of and off defendant's property; that plaintiff had failed to do so, but had permitted them to run over the property of defendant; that the means used by defendant in running said horses out of his pasture were the only means by which defendant could have protected his property and prevented their trespassing thereon.

The case was submitted to a jury upon eighteen special issues, in answer to which the jury exonerated the defendant of malice in shooting the horses, but found that he was guilty of actionable negligence in doing so. The jury found that the large bay horse which sustained the loss of his eye was of the reasonable cash market value of $70 prior to the shooting and $40 after the shooting; that the other large bay horse was of the reasonable cash market value of $80 prior to the shooting and $70 after the shooting; and that plaintiff had expended the sum of $2 for veterinary's fee in treating the horses. Judgment was entered upon the verdict denying plaintiff recovery of exemplary damages and award-

ing him recovery against the defendant for actual damages in the sum of $42. From an order of the court overruling his motion for new trial, defendant has appealed.

Appellant's propositions 1, 2 and 3 complain of the action of the trial court in permitting H. P. Castleberry, Will Havens and Marcus Havens to testify as to the market value of the horses in question before and after the injury, over objection of the defendant that said witnesses were not properly qualified. It appears that plaintiff, H. P. Castleberry, Will and Marcus Havens were farmers living in the same community. The witness H. P. Castleberry, testifying for himself, described his horses, their condition and good qualities, and

"Q. On and prior to October 4, 1939, as a farmer and as owner of horses, have you had experience and knowledge of the sale of horses in Delta County and in the North part of Delta County? A. Yes, sir.

"Q. Were you acquainted with the reasonable market value of horses in the North part of Delta County? A. Yes, sir."

The witness Will Havens testified that he was acquainted with the horses in question, and:

"Q. * * * From your experience in knowing of and discussing horse sales in your part of the county, on or about the 4th day of October, 1939, were you acquainted with the reasonable market value of horses in your county? A. I had some idea about the price."

Witness Marcus Havens testified that he was acquainted with the horses in question and:

"Q. On or about the 4th day of October 1939, did you know the reasonable market value of the 3 horses belonging to Herman Castleberry that you have described as knowing in that part of the county where you lived? A. Yes, sir."

Each of the witnesses, after having so qualified, was then asked and permitted to give his opinion as to the reasonable market value of the horses in question before and after the injury. Appellant objected to the testimony, "on the ground that the witness was not qualified to answer the question and that no proper predicate was laid for the question, in that the witness had not stated that he knew the value." Appellant made no request for and did not cross-examine the witnesses on the matter of their qualification. "In most cases, the statement of the witness that he knows the

value of the property in question will suffice to authorize the reception of his opinion, unless the adverse party should request permission to cross-examine the witness with a view to developing facts going to show that he does not in reality know the value of the property." 19 T.J. 214, Sec. 140. We believe a prima facie qualification was shown as to the witnesses H. P. Castleberry and Marcus Havens, but that the testimony of Will Havens, who merely testified that "I had some idea about the price," should have been rejected. However, the reception of the testimony of Will Havens will not, in the particular facts of this case, authorize a reversal. The testimony of the qualified witnesses as to the market value before and after the shooting of the two horses for which the jury assessed the damages to one at $30 and to the other at $10 is not disputed. Where, as here, the value of the property in controversy is fully established by qualified testimony, an error arising out of the receipt of the opinion of an unqualified witness is not such as will warrant a reversal. 19 T.J. 236.

Appellant's fourth proposition complains of the action of the trial court in permitting plaintiff, over the objection of defendant, to testify that "he would not risk one of his children on one of the horses in question." We agree that the testimony should have been excluded, but we think the error harmless. There is no complaint as to the verdict of the jury being excessive. It appears to be less in amount than the testimony would warrant, from which it is clear that appellant received no prejudicial effect from the immaterial testimony complained of.

Appellant's fifth proposition complains of the alleged action of the trial court in refusing to submit to the jury defendant's requested special issues Nos. 6 and 7, inquiring whether the injuries suffered by the two horses upon which damages were allowed were of a temporary nature. The record is not in condition to authorize us to consider this proposition. The alleged requested special issues appear in the record, but are not marked "Refused," or signed by the judge trying the case as is required by that provision of R.C.S.1925, Article 2188, reading: "When a special instruction is requested and the provisions of the law have been complied with and the trial judge refuses the same, he shall indorse thereon 'Refused,' and sign the same officially."

The decisions hold that refusal of a requested charge can not be reviewed, unless the refusal is authenticated by the official signature of the trial judge as required by the statute. Missouri, K. & T. Ry. v. Hurdle, Tex.Civ.App., 142 S.W. 992, writ refused; Farmers' & Merchants' State Bank v. Guffey, Tex.Civ.App., 255 S.W. 462; Medford v. Kimmey, Tex.Civ.App., 298 S. W. 140; Texas & P. Ry. v. Foster, Tex. Civ.App., 58 S.W.2d 557; Miller v. Fenner, Beane & Ungerleider, Tex.Civ.App., 89 S. W.2d 506; Texas Emp. Ins. Ass'n v. Hevolow, Tex.Civ.App., 136 S.W.2d 931.

The judgment of the trial court will be affirmed.