[Civ. No. 12243.   First Dist., Div. Two.   Feb. 3, 1943.]

E. E. ATCHLEY et al., Respondents, v. JAMES B. FINLEY, a Minor, etc., et al., Appellants.

23

Hoge, Pelton & Gunther, J. E. McCurdy and A. Dal Thomson for Appellants.

J. A. Branson, Hugh F. Mullin, Jr., and Francis N. Foley for Respondents.

SPENCE, J.—Plaintiffs, who are husband and wife, brought this action to recover damages which were alleged to have been caused by the negligent operation of defendants' automobile. Upon a trial by jury, plaintiffs had judgment against defendants for $3000 and from said judgment, defendants appeal.

The accident occurred on El Camino Real at the intersection thereof with Hobart Street in the city of San Mateo. Plaintiffs had been travelling in a northerly direction on El Camino Real and were making a left turn into Hobart Street when the automobile of defendants, which was travelling in a southerly direction, struck the right rear side of plaintiffs' car with such force that the latter was turned

around and came to rest facing east at the southwest corner of the intersection.

It is conceded that the evidence was conflicting. Defendants claim that the evidence preponderated in their favor while plaintiffs claim that the evidence preponderated in their favor. We believe that a reading of the record tends to sustain plaintiffs' claim in this regard but, in any event, there was abundant evidence to sustain the implied findings in plaintiffs' favor.

The accident happened at about 8 o'clock on a clear night. The lights on both cars were lighted. El Camino Real is a wide, heavily travelled highway and the traffic at the Hobart Street intersection is controlled by mechanical signals. When plaintiffs arrived at a point near the Hobart Street intersection, the traffic signal was against them. They stopped their car behind other cars and awaited the change of the signal. The north bound traffic was heavy but there was but little south bound traffic. After the signal changed they pulled into the intersection in low gear, awaited a break in the south bound traffic and then turned left. Plaintiffs had first seen defendants' car when it was some distance away but it struck the rear right side of plaintiffs' car before the latter cleared the intersection. The conflict in the testimony related mainly to the speed of defendants' car, its course upon the highway and the course of plaintiffs' car. Plaintiffs claimed that defendants' car was negligently driven into their car while defendants' car was proceeding at about 50 miles per hour in the lane next to the westerly curb and while plaintiffs' car was being operated in a careful manner in making the left turn after proceeding beyond the center of the intersection. Defendants claimed that their car was proceeding at 25 miles per hour in the middle lane used by south bound traffic, and that plaintiffs negligently cut the corner and ran into the path of defendants' car in such manner that the accident could not have been avoided by defendants. It is not contended that plaintiffs' car travelled at a rapid rate of speed at any point near the intersection.

In the opening brief, defendants contended that the "most serious error" occurred in the refusal of the trial court to give certain requested instructions relating to the duties of a driver in making a left turn. It appears however from the instructions quoted in plaintiffs' brief that this subject was

fully covered by the trial court in the instructions given. Defendants state in their reply brief that, upon further examination of the record, they are satisfied that such was the case and they therefore abandon this contention.

Defendants contend that counsel for plaintiffs was guilty of prejudicial misconduct in his argument to the jury. This contention is based upon an incident which occurred in the closing argument to the jury. Counsel for plaintiffs then said "I thought they contended it was a 25 mile an hour zone but now we find he contends it is a 45 mile an hour zone." Counsel for defendants immediately denied that defendants were making any such contention and counsel for plaintiffs said "I understand he contends it is a 45 mile an hour zone but now it seems it is not true. We will pass on as I do not want to waste any time on the matter." Defendants argue that this statement by plaintiffs' counsel regarding defendants' contention was not made in good faith and that it was made for the purpose of confusing the jury and prejudicing the jury against the defendants.

When the defendant driver was being examined by his own counsel, he testified as follows: "Q. About what speed were you travelling when you got on El Camino Real and started south? A. Well, south of Third Avenue is a 45 mile an hour zone. MR. FOLEY: I ask that that be stricken as a conclusion of the witness on a matter of law. It happens to be in error too. THE COURT: Yes, I think we had better have that from someone who is familiar with it. MR. HOGE: I didn't ask for that. It is merely voluntary, your Honor." On cross-examination, the defendant driver testified as follows: "Q. You were familiar with the El Camino highway running down through San Mateo for the full length down to and including the intersection where the accident happened and on down to Bay Meadows, is that right? A. Yes. Q. You knew that that entire section clear down to where this accident happened and down to Bay Meadows, was in the City of San Mateo, didn't you? A. Yes, sir. Q. It is true, is it not, that it is your habit to drive 45 miles an hour in the City of San Mateo from Third Avenue down to the portion you mentioned? MR. HOGE: We object to the question as unfair cross-examination. Your Honor will remember that he would not let this young man testify to the particular zone along there whether, it was 45 miles an hour.

THE COURT: The objection is overruled. A. The zone is 45 miles an hour. MR. FOLEY: No, I am asking a question. Will you pay attention to it and answer it. I will ask the reporter to read it. (Question read.) MR. HOGE: I object to that question as calling for habit, as incompetent, irrelevant and immaterial. THE COURT: Overruled. A. If it is within the speed limit, I will drive that fast. MR. FOLEY: I didn't ask you that. Q. Will you answer the question I asked you? A. Will you read the question? (Pending question read.) A. Yes. Q. And you were driving 45 miles an hour on this day, along there? A. Yes, in the 45 mile zone. Q. What you say was the 45 mile an hour zone. A. Well, whatever the sign says. Q. Yes, and there is no sign there at all saying 45 miles an hour, is there, Mr. Finley? A. I believe there is. Q. Where is it? A. I can't say accurately.''

Defendants call attention to the fact that the defendant driver also testified that he was travelling 25 miles per hour, that he admitted that he had observed a 25 miles an hour sign as he approached the intersection and that defendants' instructions were based upon the theory that the zone was a 25 miles an hour zone. It is nevertheless apparent that there was at least some confusion in the record as to claims of the defendant driver with respect to the lawful speed in the zone in question. Under such circumstances, we cannot say that the challenged statement of plaintiffs' counsel was not made in good faith. Defendants claim that ''The defendant's conception of the nature of any surrounding zone was utterly immaterial'' but we are of the view that it was entirely legitimate for plaintiffs' counsel to comment upon the defendant driver's apparent conception of the nature of that zone as shown by the record in an endeavor to convince the jury that it was probable that he had travelled in that zone at a higher speed than 25 miles per hour. We therefore find no misconduct in the making of the challenged statement.

Defendants further contend that the trial court erred in ''authorizing a verdict embodying alleged general damages sustained by the plaintiff husband.'' The instructions were in general terms setting forth the items allowable as damages to ''plaintiffs'' in the event that the verdict was in their favor. This contention is based upon the claim that the pleadings were insufficient to warrant such instructions insofar

as the plaintiff husband was concerned. The complaint was in two counts. The first count was one seeking a recovery by the plaintiff husband for the damages which he had sustained by reason of his own injuries and also for the consequential damages which he had sustained by reason of the injuries to his wife. The second count was one seeking a recovery by the plaintiff wife for the actual damages which she had sustained by reason of her own injuries. The attack is directed at the claimed insufficiency of the first count to warrant the instructions given. In that count, the nature of the injuries to the plaintiff husband was alleged but there was no allegation of general damages in terms of money by reason of such injuries. It was also alleged in the first count that the plaintiff wife had received injuries and that the plaintiff husband ''is now and will be for sometime in the future deprived of the services of his wife, Florine Atchley, to his further damage in a sum unknown to said plaintiff; that plaintiff, E. E. Atchley, asks leave to amend this complaint when the amount of said damage is ascertained and insert the same herein.'' No amendment to the complaint was thereafter made and defendants state that ''There was no evidence of any general damage at all sustained by plaintiff husband.'' Assuming that it was error under the circumstances to instruct the jury as above indicated, defendants have wholly failed to show that such error was prejudicial. We cannot assume that the jury awarded general damages to the plaintiff husband if there was no evidence of any such general damages. Furthermore it appears that the plaintiff wife suffered serious injuries and it is not claimed that $3,000, the entire amount awarded, was an excessive amount to be awarded for such injuries.

██ Defendants further contend that, ''The verdict is fatally defective in that it does not segregate the interests of the two plaintiffs.'' Two verdict forms only were handed to the jury, which forms were read to the jury during the giving of the instructions. The first read, ''We, the jury in the above entitled cause, find for the plaintiffs and against the defendants in the sum of $         .'' The second read, ''We, the jury in the above entitled cause, find for the defendants.'' The jury returned the first form with the figure ''3000'' inserted in the blank space. No objection was made to the form of the verdict at the time it was submitted to the jury, at the

time it was returned by the jury or upon the hearing of the motion for new trial. Furthermore it was not claimed in the trial court and it is not claimed now that the verdict was excessive. Under these circumstances defendants may not now complain of the alleged error in the form of said verdict. (*Hopping* v. *City of Redwood City*, 14 Cal.App.2d 360 [58 P.2d 379]; *Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8 [276 P. 1017].)

█ Defendants finally contend that the trial court erred in the admission of certain evidence. The first assignment of error relates to the admission of the testimony of the plaintiff husband to the effect that he had been employed at $8 per day and that he lost four days work as a result of the accident. Assuming that it was error to admit this testimony in the absence of allegations of special damage relating thereto, there does not appear to be any likelihood that the verdict would have been different in the event that the trial court had excluded such testimony.

█ The second assignment of error in the admission of evidence relates to the admission of the testimony of the plaintiff driver concerning the speed of defendants' car. The witness testified that he first saw defendants' car when it was about 300 feet north of the intersection and that the witness then started to make the turn to the left. He later testified that he again saw defendants' car when it was about 50 feet from him. He then testified, "Q. Were you able to judge the speed of that car when you saw it at that time? A. Well, yes. Of course I had to judge the speed of the car by the distance he covered from the time I first seen him until I seen him the second time. Q. From what you saw of the car moving, until you saw it the second time, could you judge the speed of the car? A. Yes. Q. What did you judge the speed of the car to be there when you saw it? MR. HOGE: I object to the question. He said he didn't estimate it. He is simply figuring out what the speed must have been from the distance it covered. THE COURT: He said he estimated the speed. The objection is overruled. A. I estimated the speed at about 50 miles an hour." In support of this assignment, defendants cite and rely upon *Shimoda* v. *Bundy*, 24 Cal.App. 675 [142 P. 109], and *Shropshire* v. *Pickwick Stages*, 85 Cal.App. 216 [258 P. 1107]. A reading of those authorities shows, however, that they sustain the action of the trial

court in admitting the witness' estimate of speed and that defendants' argument goes to the weight rather than to the admissibility of testimony.

On the two remaining assignments of error with respect to the admission of evidence, defendants present no argument and cite no authority. It is not the duty of this court to discuss assignments so presented. Furthermore, no assignment of error with respect to the admission of any evidence was urged upon the hearing of the motion for new trial. Our reading of the record leads us to the conclusion that there was no prejudicial error shown by the record either with respect to the admission of evidence or otherwise.

The judgment is affirmed.

Nourse, P. J., concurred.

A petition for a rehearing was denied March 5, 1943, and appellants' petition for a hearing by the Supreme Court was denied April 1, 1943.