**MISSOURI PUBLIC SERVICE COMPANY, a Corporation, Appellant,**

v.

**Robert B. DURHAM, Respondent.**

No. 22816.

Kansas City Court of Appeals.

Missouri.

June 29, 1959.

Alan F. Wherritt, William J. Turpin, Liberty, for appellant.

William B. Waters, Francis G. Hale, Robert E. Coleberd, Liberty, for respondent.

PER CURIAM.

Plaintiff, Missouri Public Service Company, a corporation, instituted condemnation proceedings against defendant, Robert B. Durham, seeking a perpetual easement for the erection and maintenance of an electric power line across his lands. A jury trial resulted in a verdict and judgment in favor of defendant in the amount of $6,500. Plaintiff appeals.

Plaintiff, by its petition, sought a right of way easement across defendant's lands, 100 feet wide from north to south and 2,626 feet in length. It alleged that it sought same "for the limited use and purposes of constructing, maintaining and operating said electric transmission line, the right of ingress and egress for its employees and agents from the ends and over said right of way strip, and also a right to go over land adjoining said right of way strip when necessary to gain access thereto for the purpose of exercising this easement, the right to keep said strip free and clear of trees, brush or other obstructions that would interfere with plaintiff's exercise of said limited easement, and the right to locate and maintain proper gates at any point along the right of way where fences may cross the same, * * * provided, however, that *plaintiff* will not at any time cause said right of way strip to be enclosed by fence, * * *." (Emphasis ours.)

■ Plaintiff assigns as error the giving of Instruction 1, the second and third paragraphs of which are as follows:

"In this connection, you are instructed that the plaintiff, Missouri Public Service Company, by this proceeding acquires a perpetual easement 100 feet in width and 2626 feet in length across defendant's 120 acres of land mentioned in evidence for the purpose of constructing, locating, maintaining and operating a high tension electric transmission line, together with the right of ingress and egress for its employees and agents from the ends and over said right of way strip and also a right to go over land adjoining said right of way strip when necessary to gain access thereto for the purpose of exercising said easement; that said company acquires also the right to keep said right of way free and clear of trees, brush and other obstructions that would interfere with its exercise of said ease-

ment, and also the right to locate and maintain gates at any point along said right of way strip where fences cross the same and where fences may in the future cross said right of way, *but defendant shall have no right to fence or enclose said right of way strip.* (Emphasis ours.)

"It is your **province** to determine from the evidence the amount of damages resulting to defendant Durham from the appropriation by plaintiff of said easement on said defendant's land. And in determining such damage you may assume that plaintiff company will at all times exercise each and all of the easement rights which it has acquired in said land."

It is apparent the use of the word "defendant" instead of the word "plaintiff", viz.: "But defendant shall have no right to fence or enclose said right of way strip", in the second paragraph of this instruction was a clerical error. This is the only paragraph in the instruction that details and enumerates the rights the plaintiff acquired in this proceeding. This paragraph clearly shows that the word "plaintiff" was meant instead of the word "defendant". It reads: "you are instructed that the plaintiff, Missouri Public Service Company," by this proceeding acquires: (1) a perpetual easement 100 feet in width and 2,626 in length across defendant's 120 acres of land; (2) the right of ingress and egress for its employees and agents from the ends over the right of way strip; (3) a right to go over lands adjoining said right of way strip when necessary; (4) the right to keep said right of way free and clear of trees and brush and other obstructions; (5) the right to locate and maintain gates at any point along said right of way strip where fences cross the same. " * * * but defendant (plaintiff) shall have no right to fence or enclose said right of way strip."

Furthermore, plaintiff's counsel, in cross examining defendant Durham, read to him

in the presence of the jury "the rights which this company gets" under paragraph 6 of plaintiff's petition, as follows:

"Q. Mr. Durham, you have testified as to the damage you think has been done, and *I want to read to you the rights which this company gets under this proceeding so that I may interrogate* you about what you took into consideration, *so I'm going to read paragraph 6 of the petition: 'Plaintiff' that's the Missouri Public Service Company,* 'further states that it does not require and it is not the purpose of this condemnation proceeding to appropriate or take a full and complete easement to the extent permitted by statute, Section 523.010, Revised Statutes of Missouri, 1949 [V.A.M.S.], over the described tract of defendant's land, but only a right-of-way easement as described herein for the limited use and purpose of constructing, locating, maintaining and operating said electric transmission line, the right of ingress and egress for its employees and agents from the ends and over said right-of-way strip and also a right to go over land adjoining said right-of-way strip when necessary to gain access thereto for the purpose of exerising this easement, and the right to keep said right-of-way free and clear of trees, brush or other obstructions that would interfere with plaintiff's exercise of said limited easement and the right to locate and maintain proper gates at any point along said right-of-way where fences cross the same or where fences may in the future cross said right-of-way, *provided, however, that plaintiff will not at any time cause said right-of-way strip to be enclosed by a fence,* wall or other obstruction interfering with the free use and occupancy thereof by defendant, his heirs and assigns. Plaintiff further states that in addition to any damage which may be awarded defendant in this condem-nation proceeding as compensation for the appropriation of said limited easement that it will also pay to ————.' " (Italics ours.)

Among the eight instructions which the court gave at plaintiff's request was No. 4, which reads as follows:

"The Court instructs you that plaintiff, Missouri Public Service Company, will not acquire title to any part of the lands involved in this proceeding, but rather *will acquire an easement with the rights and privileges mentioned in plaintiff's petition,* and the defendant landowner retains the ownership of the land over which such easement has been taken, together with the right to cultivate and fully use and enjoy the land under said pole line, provided no buildings are constructed upon said easement, and provided the same shall not be used in any way that might obstruct, become a hazard, or endanger the construction, operation or maintenance of said pole line." (Italics ours.)

As shown above, plaintiff's counsel, in his cross examination of defendant Durham, stated: "I want to read to you the rights which this company gets under this proceeding" and in reading paragraph 6 of the petition, emphatically and indelibly emphasized the rights acquired by the plaintiff. And plaintiff's instruction No. 4 told the jury that plaintiff "will acquire an easement with the rights and privileges mentioned in plaintiff's petition." Referring, of course, to paragraph 6 of plaintiff's petition read to the jury by counsel.

In view of these circumstances we do not believe that the jury was misled or that plaintiff was prejudiced by this clerical error. Our statute (Section 512.160 RSMo 1949, V.A.M.S.) specifically provides that "no appellate court shall reverse any judgment unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action." As is correctly

stated in defendant's brief: "The sole issue in the trial of this case was the amount of defendant's damages." And there is no claim made here that the damages awarded were excessive. In fact, the amount awarded was much less than that shown by the defendant's testimony. We rule the point against plaintiff.

Plaintiff asserts that the court erred "in permitting witnesses for the defendant to describe elements which they considered damages to the land, which elements have been criticized by the Appellate Courts."

Under this point plaintiff complains of the answer given by defendant's witness Martin during cross examination. Plaintiff moved to strike the answer because not responsive. The Court committed no error in overruling the motion to strike. The same is true of plaintiff's complaint regarding the testimony of defendant's witness Harvey. Plaintiff moved to strike because the answer given in cross examination was not responsive. The Court properly overruled the motion. The answers in both instances were responsive.

■ Finally, plaintiff complains that Instruction 2, given for defendant, is erroneous because thereby the jury was told that, in determining the uses and purposes for which the land was suitable it "was not confined to the use, if any, made of said land at the time the easement thereon was taken by plaintiff, but may also consider such uses, if any, for which the property was then suitable or adaptable, * * *, but also to such uses as may be reasonably expected *in the near future*, * * *." Plaintiff contends that the jury should have been confined to considering uses *in the reasonable* foreseeable future. It cites and relies on United States ex rel. and for use of Tennessee Valley Authority v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390.

It is true that the jury should never be permitted to speculate wildly on future uses to which the land might be adapted, future possibilities. But it is not error to permit the jury to consider uses of the land for which it is reasonably suitable, having regard to the existing business wants of the community, or such uses as may be reasonably expected in the immediate future. Kansas City v. Aronson, Mo., 282 S.W.2d 464, 470, and cases there cited. Measured by the above rule the instruction is not erroneous.

Finding no error in the record prejudicial to plaintiff, the judgment is affirmed.