## Donaldson *v.* Sepesy, Appellant.

Argued March 24, 1964.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Stephen D. Marriner,* with him *McCreight, Mar-
riner & McCreight,* for appellant.

*Melvin B. Bassi* and *Sanford S. Finder,* with them
*Thomas L. Anderson,* and *Woodward and Bassi,* for
appellees.

OPINION PER CURIAM, July 30, 1964:

This is a conventional automobile intersection collision case which at the trial provoked no legal question which has not been ruled upon countless times by this Court and therefore the appeal requires no long opinion.

Inez Donaldson, with two passengers in her car (Josephine Lutes and Alice Digon) was driving northwardly on Water Street in the town of Coal Center, Washington County. Verna Mae Sepesy was driving eastwardly on Spring Street which intersects with Water Street. When the Donaldson car was about three-fourths of the way through the intersection it was struck on the left by the Sepesy car. Donaldson filed a trespass action against Sepesy for injuries sustained in the collision. The two passengers Lutes and Digon (with her husband also) filed actions for personal injuries against Sepesy and Donaldson. The verdicts all favored Donaldson, the separate plaintiffs receiving verdicts against Sepesy. Sepesy appeals, seeking judgment n.o.v. or a new trial. There is no merit to either contention.

The appellant argues that Mrs. Donaldson's testimony was confusing and contradictory. Certainly a reading of the record would not convince one that Mrs. Donaldson's testimony was a model of clarity. However, it cannot be said that it was so jumbled that the jury could not derive from it a clear picture as to what occurred, and we are satisfied from looking at that picture, that the jury was satisfied in finding Sepesy negligent in the manner in which she entered the intersection from the left and precipitated the collision.

The appellant complains that the trial judge erred in stating that after the plaintiff has produced evidence of negligence, the burden of proof then shifted to the defendant. Trial judges should avoid language of this

kind because it may be confusing to the jury since the plaintiff always has the burden of proof in establishing negligence. Nevertheless, we are convinced from reading the charge in its entirety that the jury was adequately and properly instructed as to its duties in applying the proper standards of accountability in accidents of the character under examination. The trial court presented the factual issues very clearly and fairly, and it cannot be said that the charge in any way prejudiced the defendant's rights.

Sepesy presented two points for charge (7 and 8), which the court refused. We believe they were properly refused because the court adequately and properly covered the matters raised in those two points.

Nor is there any merit in the appellant's final points that the court erred in its charge on permanent injuries. Moreover, the appellant does not claim that the verdicts were excessive.

Affirmed.