186 So.2d 132

**STATE of Alabama**

v.

**David R. DUNLAP et al.**

I Div. 157.

Supreme Court of Alabama.

May 5, 1966.

Richmond M. Flowers, Atty. Gen., and Samuel L. Stockman, Sp. Asst. Atty. Gen., for appellant.

McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellees.

LAWSON, Justice.

The State of Alabama filed a petition in the Probate Court of Mobile County to condemn lands belonging to David R. Dunlap and others for highway purposes.

The award of the commissioners in the Probate Court was $2,018 and a judgment of condemnation was entered accordingly.

The landowners took an appeal to the Circuit Court of Mobile County, where no issue was made as to the right of the State to condemn the property in question. The sole issue was the amount of damages to be awarded the property owners.

In the circuit court the trial was before a jury, which returned a verdict in favor of the landowners in the sum of $7,000. Judgment was entered accordingly and the State's motion for a new trial was overruled. The State has appealed to this court.

Appellant contends that the trial court erred in giving at the request of the landowners, appellees, their written Charge No. 4, made the basis of Assignment of Error 16. Charge 4 reads:

"The Court charges the jury that where, as in this case, only a part of a

tract is taken, the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking, and in determining the value of the property after the taking the jury may consider any factor or circumstance which would depreciate the value in any way."

Charge 4 relates to the method of computing compensation yet the State does not contend that the amount of the verdict was excessive. There is an assignment of error to the effect that the trial court erred in overruling the State's motion for a new trial, but the grounds of the motion taking the point that the verdict was excessive or that it was contrary to the weight of the evidence are not argued in brief.

Although it is not relied upon in brief of appellees, we must give consideration to our case of State v. Peinhardt, 270 Ala. 627, 120 So.2d 728, wherein we held that where the State appealed and parts of the oral charge and a written charge of which complaint was made related to the method of computing compensation, error, if any, in giving of such instructions would not work a reversal where the State had not complained specifically that the compensation awarded was excessive.

Our holding in the *Peinhardt* case, supra, was grounded on two cases previously decided by this court. Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312, and Lehigh Portland Cement Co. v. Higginbotham, 232 Ala. 235, 167 So. 259.

In Birmingham Belt R. Co. v. Hendrix, supra, the railroad appealed from a judgment against it in favor of the administratrix of Hendrix' estate in a suit brought under the Federal Employers' Liability Act. The railroad sought to reverse the judgment of the trial court on the ground, among others, that the trial court gave an erroneous instruction relative to the measure of damages. In refusing to reverse on that ground, this court in an opinion authored by Sayre, J., said in part as follows:

" * * * Nor should there be a reversal on this account since defendant has not complained *specifically* that the damages assessed were excessive, though it did and does insist that the court erred in refusing to instruct the jury that there could be no assessment of damages for mental pain or conscious physical suffering on the part of deceased between the times of his injury and death, for that part of the charge related only to the measure of damages and not to the right of recovery. * * * *" (Emphasis supplied.) (215 Ala. 288–289, 110 So. 314)

While no authority was cited in Birmingham Belt R. Co. v. Hendrix, supra, in support of the holding in that part of opinion just quoted above, that holding is in accord with a vast majority of the courts of this country. Sgroi v. Yellow Cab & Baggage Co., Inc., 124 Neb. 525, 247 N.W. 355; Erickson v. Keuhn, 195 Minn. 164, 262 N.W. 56; Standard Oil Co. of Louisiana v. Webb, 194 Ark. 569, 108 S.W.2d 1086; Atchley v. Finley, 57 Cal.App.2d 21, 133 P.2d 823; Slovinski v. Beasley, 316 Ill.App. 273, 45 N.E.2d 42; Armer v. Nagels, 149 Kan. 409, 87 P.2d 574; Williams v. Long (Tex.Civ.Ct. of App.), 106 S.W.2d 378; Eberdt v. Muller, 240 Wis. 341, 2 N.W.2d 367, 3 N.W.2d 763, rehearing denied, 240 Wis. 341, 3 N.W.2d 763; School District Number 162 of Gage County v. Grosshans & Peterson, Inc., 169 Neb. 357, 99 N.W.2d 601; Donaldson v. Sepesy, 415 Pa. 194, 202 A.2d 823; Slifer v. Williard, 78 Ind.App. 88, 131 N.E. 87, 132 N.E. 321; Illinois Cent. R. Co. v. Skinner's Adm'x, 177 Ky. 62, 197 S.W. 552; Inspiration Consol. Copper Co. v. Lindley, 20 Ariz. 95, 177 P. 24.

In Lehigh Portland Cement Co. v. Higginbotham, supra, also cited and relied upon in State v. Peinhardt, supra, we applied the same rule as was applied in the cases cited above. We find no significance in the fact that the writer of the opinion ap-

plied the rule of error without injury after stating, " * * * we are satisfied, *after inspecting the entire record,* that no injury resulted to the defendant therefrom." (Emphasis supplied.) The italicized words are substantially in the language of Supreme Court Rule 45.

In State ex rel. Kansas City Public Service Co. v. Shain, 350 Mo. 316, 165 S.W.2d 428, decided in 1942, the Supreme Court of Missouri held that it was not harmless error to give an instruction authorizing permanent damages when not supported by the evidence, although the defendant on appeal did not make any claim that the verdict was excessive. We admit that we are not certain of the rule in Missouri, for despite Shain, the Supreme Court of Missouri in Wilcox v. Swenson (Mo.Sup.Ct.), 324 S.W.2d 664, 673, applied the harmless error rule in regard to a claimed erroneous instruction because: " * * * Appellant makes no point that the verdict is excessive in amount. Benefield v. Thompson, Mo.App., 139 S.W.2d 1009, 1012 [3, 4]. He has not discharged the burden of establishing prejudicial error. Sang v. City of St. Louis, 262 Mo. 454, 171 S.W. 347, 350 [7]."

But if the holding in the *Swain* case, supra, does indeed correctly state the Missouri rule, then the Missouri rule represents the minority view. See Seaboard Air Line Ry. v. Brewton, 150 Ga. 37, 102 S.E. 439; United States of America v. 2,872.88 Acres of Land, etc., 5 Cir., 310 F.2d 775.

Although not exactly in point with our *Peinhardt* case, supra, it is interesting to note what was said by the Kansas City Court of Appeals in Missouri Public Service Co. v. Durham, 325 S.W.2d 807, as answer in part to the contention of appellant, the plaintiff below, that the cause should be reversed because of the giving of an instruction:

· "As is correctly stated· in defendant's [appellee's] brief: 'The sole issue in the trial of this case was the amount of defendant's damages.' And there is no claim made here that the damages awarded were excessive. In fact, the amount awarded was much less than that shown by the defendant's testimony. We rule the point against plaintiff." (325 S.W.2d 809–810)

The language last above quoted was from a condemnation case.

There are other condemnation cases where substantially the same rule was applied. Herrin & S. R. Co. v. Nolte, 243 Ill. 594, 90 N.E. 1097; Eastern Colorado Power Co. v. Gabel, 23 Colo.App. 74, 127 P. 449; Thompson v. State (Tex.Civ.App.), 165 S.W.2d 131. In Dallas Power & Light Co. v. Edwards (Tex.Civ.App.), 216 S.W. 910, 912, it was said:

"While we have discussed the issue on its merits, it may further be said that the assignment does not present ground for reversal for the reason that it is not claimed that the verdict of the jury was excessive. Incorrect charges as to the measure of damages, improper testimony, or other irregularities, such as the unauthorized statement of the juror Pyron, when it can certainly be said that such matters affect only the amount of the verdict, are not ground for reversal, in the absence of any claim that the verdict is excessive. [Houston & T.C.] Railway Co. v. Boozer, 70 Tex. 530, 8 S.W. 119, 8 Am.St.Rep. 615; Houston Elec. Co. v. Pearce [Tex.Civ.App.], 192 S.W. 558. Appellant did in its motion for new trial charge that the verdict was excessive, alleged to be the result of passion and prejudice, and not because of the statement of the juror Pyron. The claim, however, was not brought forward in the brief, and is to be considered abandoned, even if the ground set out in the motion would cover· Pyron's action, which is obviously doubtful."

In our case of Southern Furniture Mfg. Co. v. Mobile County, 276 Ala. 322, 161 So.2d 805, our *Peinhardt* case, supra, was cited and quoted from with approval in an opinion written for the court by the Chief Justice.

After considerable research we have reached the conclusion that our holding in the *Peinhardt* case, supra, is correct and that holding is here reaffirmed.

■ It follows that reversible error is not made to appear in connection with the trial court's action in giving appellees' written Charge No. 4.

All of the other argued assignments of error, except one, are to the effect that the trial court erred in admitting evidence, over appellant's objections, concerning the measure of damages suffered by appellees.

■ Our holding in the *Peinhardt* case has application to these assignments of error, since appellant in its brief does not argue the grounds of its motion for new trial to the effect that the verdict was excessive. Dallas Power & Light Co. v. Edwards, supra.

In Ellering v. Minneapolis, St. P. & S. M. Ry. Co., 107 Minn. 46, 119 N.W. 507, 508, a condemnation case, it was said:

"Finally, the action of the trial court in sustaining objection to certain questions asked is assigned as error. Apart from doubt as to whether any error had been committed, it is clear that no prejudice resulted. As has been previously pointed out, no assignment of error is addressed to excess of the award. The questions were designed to affect the amount of the verdict."

In Aledo Terminal Ry. Co. v. Butler, 246 Ill. 406, 92 N.E. 909, 910, a condemnation case, it was said, in part:

"* * * The court also refused to allow appellant to prove what appellees had paid for the farm in question three years before. We think that this evidence was proper and ought to have been received; but its exclusion would not justify us in reversing the judgment in the absence of any claim that the damages awarded are excessive."

In Hann v. Brooks, 331 Ill.App. 535, 73 N.E.2d 624, it was held, in substance, in a wrongful death action that the defendants could not complain that the admission of a mortality table was improper where defendants did not urge that the verdict in favor of plaintiff was excessive. To like effect see Ferguson v. City of Springfield, 311 Ill. App. 655, 37 N.E.2d 563; Sharon v. Kansas City Granite & Monument Co., 233 Mo. App. 547, 125 S.W.2d 959; Century Ins. Co., Limited of Edinburgh, Scotland, v. Rice, 193 Okl. 418, 144 P.2d 953; Moody v. Castleberry (Tex.Civ.App.), 151 S.W.2d 960; Northwest States Utilities Co. v. Brouilette, 51 Wyo. 132, 65 P.2d 223, rehearing denied, 51 Wyo. 132, 69 P.2d 623.

In view of the foregoing, we hold that cause for reversal does not appear in the assignments of error which challenge the rulings of the trial court in regard to the admission of evidence.

The only other argued assignments of error relate to the action of the court in excusing the appellees' witness, George A. Haas, from the rule and in permitting him to testify. Mr. Haas had assisted appellees in securing appraisals for appellees on the subject property. Perhaps the rule of the *Peinhardt* case, supra, has application to this assignment of error, but in any event the trial court did not err in permitting Mr. Haas to testify on behalf of appellees under our holding in Ryan v. Couch, 66 Ala. 244.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting).

Condemnor appeals from a judgment awarding compensation to the landowner in the amount of $7,000.00.

The property is condemned for a limited access highway. The land condemned is part of a tract which contained 317 acres before the taking and 295.11 acres after the taking.

The parties stipulated that the only question for consideration by the jury "would be the value of the part taken plus any damages to the remainder, or damage or enhancement brought on by the acquisition."

Colonel Haas, witness for the owners, testified in part:

" . . . I say the before taking value is $32,000.00 or $100.00 an acre for the overall. . . . so I figured the after taking value would (sic) $19,-625.00 and leaves a damage or just compensation of $12,425.00. Now we haven't even figured any value for the timber that was taken . . . and I figured just compensation and damage would be $13,000.00. . . . "

The condemnor filed a motion for new trial which, among others, contained the grounds that the verdict is excessive and "is so excessive as to shock the conscience and was a result of bias, prejudice, and of improper evidence allowed to the Jury." The trial court overruled the motion for new trial.

In the often cited case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, this court laid down the rule for granting new trials, which, in part is as follows:

" . . . But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside,

because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. . . . " (92 Ala. at page 635, 9 So. at page 740)

A reading of the testimony of Colonel Haas makes it clear that there is "some evidence to support the verdict." The trial court then, could not, without violating the rule of Cobb v. Malone & Collins, supra, grant the motion for new trial and neither could an appellate court grant the motion.

The appellant has argued, separately, Assignment 8, which charges error in overruling appellant's objection to evidence showing the sale price of an 80-acre tract of land not shown to be comparable to the 317-acre tract here involved; Assignment 9, which charges similar error in admitting testimony as to the sale price of two one-acre parcels; Assignments 10 and 11, which charge error in overruling condemnor's objections to two questions which asked the landowners' witness what damage was done to the property by the taking, and what is the value of the property that the condemnor is taking; Assignment 16, which charges error in giving defendants' Charge No. 4; and Assignments 1 and 2, which charge error in permitting defendants' witness, Colonel Haas, to remain in the courtroom throughout the trial and to testify over condemnor's objections.

The majority summarily dismiss consideration of Assignments 8, 9, 10, 11, and 16 because the rulings there complained of cannot work a reversal since the State has not complained specifically that the compensation awarded was excessive. State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; Southern Furniture Mfg. Co. v. Mobile County, 276 Ala. 322, 161 So.2d 805.

The majority proceed, however, to consider Assignments 1 and 2 and conclude that the rulings there complained of were not error to reverse. The difference between Assignments 1 and 2, and the other argued

assignments, which calls for or permits consideration of 1 and 2 but precludes consideration of the others is not apparent to me and I cannot suggest any reason for the different treatment accorded Assignments 1 and 2.

I do not say that any of the argued assignments require reversal, but I do insist that this court itself falls into error in refusing to consider Assignments 8, 9, 10, 11, and 16, such refusal being based on the rule that "the State had not complained specifically that the compensation awarded was excessive."

The majority appear to recognize that an assignment stating that the verdict is excessive would not call for any review by this court. The majority recognize that the only way to raise the point in this court is to make, in the trial court, a motion for new trial on the ground that the verdict is excessive, obtain a ruling on the motion, assign that ruling as error in the appellate court, and argue, in brief, in the appellate court, that the trial court erred in overruling that ground of the motion for new trial.

As this writer has already undertaken to show, the action of the trial court in overruling the motion for new trial on the ground that the verdict is excessive could not be declared reversible error in the instant case under the rule in Cobb v. Malone & Collins, supra. Apparently, however, the majority say, that in a condemnation case, the appellant must go through the motions of moving for new trial, in the trial court, and of arguing the ruling on the motion as error, in the appellate court, as conditions precedent, in order to obtain review of rulings on admission of evidence and giving written charges to the jury.

The majority rely on *Peinhardt,* in which I concurred, and I must acknowledge my error. On fuller consideration, I am of opinion that the rule in *Peinhardt* requires of the appellant a useless exercise which is little better than a medieval incantation.

To require appellant to move for new trial on the ground that the verdict was excessive and to argue that ground in brief in this court is to require appellant to do an utterly useless thing. To require this court to consider such argument would be equally useless.

It is plainly true that condemnor has not been injured by the erroneous admission of incompetent evidence or incorrect instructions unless the verdict be for an amount greater than is proper, but it does not follow that condemnor has not been injured unless condemnor can show that the trial court erred in overruling the motion for new trial on the ground that the verdict was excessive. There may be competent evidence to support the verdict and such evidence may have been admitted without error. There may also be, as appellant contends, other evidence which influenced the jury in reaching a verdict and such other evidence may have been erroneously admitted. Error in admitting improper evidence tending to prove the amount of damages is not cured or rendered harmless by the mere admission of competent evidence which supports the verdict.

As I understand the rule of review, on appeal, it is that the party losing in the trial court is entitled to have the case tried on evidence which is competent and properly admitted, and if prejudicial evidence as to value is incorrectly admitted over objection, the injured party is entitled to a reversal, although the trial court may have correctly overruled a motion for new trial on the ground that the verdict is excessive.

To justify reversal, admitting the evidence must be prejudicial. In the instant case, the evidence of which condemnor complains relates to value of the land taken. If this evidence be erroneously admitted, condemnor may well be entitled to reversal, and, in any event, as it seems to me, condemnor is entitled to a review of the rulings admitting the evidence, whether condemnor moved for new trial or not.

**424**

In Travis v. Hubbard, 267 Ala. 670, 104 So.2d 712, we held that rulings on admission or rejection of evidence may be reviewed on appeal without a motion for a new trial.

The given charge, of which condemnor complains in Assignment 16, instructs the jury as to the amount of compensation which landowner is entitled to recover. If this charge be incorrect, then, it seems to me, giving the charge was prejudicial.

This court has also held that under § 818, Title 7, Code 1940, rulings on giving or refusing requested written charges may be reviewed on appeal without a motion for a new trial. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 226, 130 So.2d 388.

The rule applied by the majority in the instant case is not a rule of property. It is not even a rule which applies in trial courts. The rule is merely a rule of review in this court. It appears to have originated in condemnation cases in *Peinhardt,* supra. In *Peinhardt,* this court relied on Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312. In the *Hendrix* case, this court did say "Nor should there be a reversal on this account since defendant has not complained specifically that the damages assessed were excessive * * *." (215 Ala. at pages 288, 289, 110 So. at page 314) The statement is made in discussing an exception which appellant had reserved to a portion of the court's oral charge. Although the court indicated that appellant might not be entitled to complain of that portion of the oral charge which appellant excepted to, consideration of the error was not summarily dismissed. Instead, this court devoted one-half page of a printed page to showing that giving the excepted to portion of the oral charge was not reversible error. Moreover, no authority is cited in *Hendrix* to support the rule relied on by the majority in the instant case.

In *Peinhardt,* this court also relied on Lehigh Portland Cement Co. v. Higginbotham, 232 Ala. 235, 236, 167 So. 259, 260, where the court said:

" . . . The jury, after hearing the evidence, inspected the property and returned a verdict assessing plaintiffs' damages at $675, and there was no complaint in the trial court, nor here, that the damages were excessive. Therefore, conceding that the court erred in giving and refusing charges dealing only with the measure of damages, we are satisfied, after inspecting the entire record, that no injury resulted to the defendant therefrom. . . . "

It will be noted that this court did not summarily refuse to consider the alleged error in giving and refusing charges dealing with the measure of damages but, "after inspecting the entire record," concluded that no injury resulted to appellant. This seems to me to be a procedure different from that applied in the instant appeal where the court has not inspected the record.

The Supreme Court of Missouri had occasion to consider the rule relied on by the majority as it had been applied by an intermediate court of that state. Inter alia, the Supreme Court said:

"Respondents' opinion also mentioned that the Service Company had not made any claim that the verdict was excessive. A ruling made by the St. Louis Court of Appeals in the case of Higgins v. Terminal R. Ass'n. of St. Louis, 231 Mo.App. 837, 97 S.W.2d 892, loc. cit. 897 (7), was quoted as authority that unless such a point was made an instruction authorizing permanent damages when not supported by evidence was harmless error. * * * The writer of this opinion has not discovered any case where the point was ruled directly by this court. However, in many cases in this court as well as in the Courts of Appeals the question of the propriety of an instruction upon permanent damages has been considered without any mention being made of whether the party had also complained

of the verdict being excessive. (Citations Omitted.) Note that the St. Louis Court of Appeals in a case subsequent to the Higgins case reversed a judgment where an instruction was given authorizing permanent damages, absent evidence to sustain the same, and no mention was made of an assignment of error that the verdict was excessive. See Svehla v. Taxi Owners Ass'n., 157 S.W.2d 225, loc. cit. 228 (7). In the Higgins case the judgment was reversed and the cause remanded on other grounds. The ruling in the Higgins case seems not to be supported by any cases and we do not deem it to be a sound rule." State ex rel. Kansas City Pub. Serv. Co. v. Shain, 350 Mo. 316, 325, 165 S.W.2d 428.

Being of the view that the rule applied by the majority in the instant case was conceived in error and has no sound foundation, I must dissent.