PER CURIAM.
This is an appeal from a final judgment in favor of the plaintiffs following a jury verdict in an action for personal injuries sustained by Rosa Marie Saulsby, and for her husband’s loss of her society and services and medical expenses incurred by him on her behalf.
On September 26, 1964, Mrs. Saulsby went to the Biscayne Kennel Club in Miami with her uncle and cousin. Upon arrival her uncle, Rovencer Hankerson, the owner and driver of the automobile, gave the car to the attendant. It was raining when they returned for the car. The car ticket was given to the doorman who then turned it over to Arthur Thibert to get the car. When Thibert got into the car, a 1957 Chevrolet, he noticed that the brake had only “half a pedal” and as a result he drove it more cautiously. Thibert drove the car around to the front and came to a complete stop behind another car which was picking up passengers. Mrs. Saulsby’s cousin entered the back seat and Mrs. Saulsby was walking in front of the car when it rolled forward and pinned her between this car and the car parked in front.
Thibert testified that when he stopped he did not turn off the motor, set the emer *611 gency brake or put the automatic transmission into park because he had intended to pull the car up further.
At the time of the accident, Mrs. Saulsby was pregnant. Subsequently, she had a miscarriage which in the opinion of two physicians was as a result of the trauma of the accident and, in the opinion of one of the physicians, X-rays taken in connection with injuries sustained in the accident.
The defendants, the driver of the car and his employers and/or principals, raised four points on appeal, two of which were abandoned on oral argument The remaining points on appeal are: it was error to refuse to instruct the jury on the defenses of sudden emergency and/or unavoidable accident ; it was error to refuse to admit court records of an unrelated case to impeach the testimony of a witness.
The defendants contend that the driver’s testimony that there was a sudden brake failure when the car started to move forward and after he had brought the car to a complete stop supports the requested instructions.
The negligence charged in the operation ■of the car occurred before the alleged sudden brake failure. Thibert drove the car with knowledge of the defective brake condition but was able to bring the car to a complete stop. Thereafter, however, he failed to put the car in park or set the emergency brake and turn the motor off.
Since the negligence occurred before the alleged sudden brake failure, there was no error in refusing the requested instructions. Smith v. Lassing, Fla.App.1966, 189 So.2d 244; see 65 A.L.R.2d 136.
The defendants attempted to impeach the ■credibility of one of the plaintiffs’ physicians by use of certain court records. The testimony sought to be impeached did not concern liability but went only to one aspect ■of the damages.
Since the defendants have not assigned as error the excessiveness of the verdict, they can not argue that it is reversible error to refuse to admit exhibits which would impeach the credibility of the witness testifying only as to the extent of the damages. See State v. Dunlap, 279 Ala. 418, 186 So.2d 132 (1966).
Having been shown no reversible error, the judgment is affirmed.
Affirmed.